303 So.2d 347 (1974)
Paul O'DWYER, As Father and Next Friend of Theresa O'Dwyer, a Minor, et al., Appellants,
v.
MANCHESTER INSURANCE COMPANY, Appellee.
Nos. 74-116, 74-117.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 10, 1974.
*348 James O. Nelson, Talburt, Kubicki & Bradley and James K. Clark, Miami, for appellants.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
By this consolidated appeal, appellants seek review of an order of dismissal of the appellee insurance company.
The salient facts of this case reveal that Theresa O'Dwyer, five years old at the time of her accident, entered the premises owned by the Sparkmans and leased to one, John E. Grant, on Halloween night, 1972. The young girl was "trick-or-treating." While on the premises, Theresa injured her eye when she struck a protruding bolt which was on a bracket attached to a van truck belonging to Grant and parked on the property. The bracket was installed on the truck by Grant to carry a butane tank when the truck was used as a camper.
Appellant, Paul O'Dwyer, Theresa's father, sued the Sparkmans, Grant and his insurance company, the appellee herein. The Sparkmans cross-claimed for indemnification against Grant and his insurer, alleging that if they were ultimately determined liable, they were only passive tortfeasors while Grant was responsible for active negligence.
Thereafter, the court separately tried the coverage issue, and entered the order now appealed dismissing the appellee from liability.
The focal question in this case is whether or not the appellee's insurance policy covered the accident involved in this case. We hold that it did not.
The policy before us is an automobile liability policy. It contains standard language extending coverage to the insured for bodily injuries which "arise out of ... the use" of a vehicle.
The words just included in quotations are words of art. It is obvious from the differing conclusions which courts in this and other jurisdictions have reached that no clear uniformity exists in resolving the question posed in this case as it arises in varying factual contexts. See, St. Paul Fire & Marine Insurance Co. v. Thomas, Fla.App. 1973, 273 So.2d 117 [and cases cited therein].
We are mindful that "arising out of" is not synonymous with the words "caused by," but is given a broader meaning in determining whether coverage applies. National Indemnity Co. v. Corbo, Fla.App. 1971, 248 So.2d 238. And, where two interpretations may fairly be given to the language of an insurance policy, the one providing greater indemnity will be given. Daleo v. Bert & Bette Bayfront 66 Marine, Fla.App. 1973, 273 So.2d 113.
However, it is likewise true that "arising out of" requires some causal connection with the "use" of the automobile, although not proximate causation. National Indemnity Co. v. Corbo, supra. The theory of negligent conduct and the facts alleged in the complaint also are relevant to a determination of whether an accident fairly may be construed to be causally connected to the use of the automobile. St. Paul Fire & Marine Insurance Co. v. Thomas, supra.
The theory of the complaint filed by O'Dwyer basically alleges the existence of a dangerous condition upon the premises. *349 The fact that the object on the property which caused Theresa's accident was attached to the rear of a van truck used as a camper is, in our view, a fortuitous circumstance. It cannot be said that "but for" the use of the vehicle in the cause sub judice, the accident would not have happened.
The injury incurred in this case is one usually covered under a homeowners' insurance policy, not an automobile liability policy. See, St. Paul Fire & Marine Insurance Co. v. Thomas, supra.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.