■ GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., LTD., Appellant, v TRAVELERS INSURANCE COMPANY et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about April 6, 1989, which, *inter alia,* granted defendant Travelers Insurance Company's motion for summary judgment dismissing plaintiff's complaint, declared that plaintiff was obligated, pursuant to a policy of insurance, to provide coverage and defend defendant Howland Hook Marine Terminal Corporation in another action, and awarded judgment in favor of defendant Travelers against plaintiff in the sum of $100,000 to reimburse Travelers for payments made on behalf of Howland Hook in the other action, is unanimously reversed, on the law, to the extent of denying defendant Traveler's motion for summary judgment and granting plaintiff's cross motion for summary judgment declaring that plaintiff was not obligated to either defend or indemnify Howland under the circumstances arising out of the O'Dell claim, without costs or disbursements.

After David O'Dell sustained injuries in an accident on the premises of defendant Howland Hook Marine Terminal Corporation (Howland), he and his wife commenced an action against Howland for negligence. While defendant Travelers Insurance Company first assumed the defense of Howland,

plaintiff General Accident Fire & Life Assurance Corp., Ltd. (General) undertook the defense at Travelers' request. Thereafter, plaintiff attempted unsuccessfully to return the defense to Travelers, asserting its assumption was in error. The case was ultimately settled, with both Travelers and General contributing to the settlement and both reserving their rights against each other for later determination.

Travelers covered Howland with comprehensive general liability insurance with a limit of $1,000,000. General insured Cramco, O'Dell's employer, with a total liability limit of $500,000. Howland, however, was an additional named insured on the General policy. The endorsement stated that the "Persons Insured" provision was amended "to include as an insured the person or organization designated above, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated above leased to the named insured". Above this printed endorsement and below the heading "Designation of Premises (Part Leased to Named Insured)" was typewritten "Howland Hook Marine Terminal—Staten Island, N.Y.". To the right of this, below the printed heading "Name of Persons or Organization (Additional Insured)", was the typewritten entry "U.S. Lines Inc., City of New York, Howland Hook Terminal Corp.".

The IAS court erred when it granted Travelers' motion for summary judgment and denied General's cross motion for the same relief. The court should not have bound itself solely by the typed portion of the endorsement, which set forth the entire terminal facility as the designated premises. The endorsement to include Howland as an additional insured was limited to liability arising out of Cramco's ownership, maintenance or use of the part of the terminal leased to Cramco. In *J. P. Realty Trust v Public Serv. Mut. Ins. Co.* (102 AD2d 68, *affd on Per Curiam opn of App Div* 64 NY2d 945), the insured entered into a lease agreement with plaintiff J. P. for the 3rd and 4th floors of a building in Queens County. Pursuant to the lease, the insured was given use of a freight elevator solely for the 3rd and 4th floors. Further, the insured was required to obtain landlord and tenant public liability property damage and elevator liability insurance. Thus, the insured obtained a policy from defendant Public Service Mutual and, pursuant to an endorsement, added, *inter alia,* J. P. Realty as an additional insured, " 'but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated above' " *(supra,* at 70). Immediately above this endorsement, the address of the entire subject

building was set forth rather than the specific portion of the premises leased by the insured.

In *J. P. Realty (supra),* after an employee of the insured fell in the elevator shaft, J. P. Realty sought a declaration that defendant Public was required to defend and indemnify, while Public asserted Travelers, which had provided J. P. Realty with independent coverage, was required to indemnify. This court, in a decision affirmed and adopted by the Court of Appeals, looked to the lease between the insured and J. P. Realty and concluded the parties had intended to include the elevator as part of the leased premises. Additionally, defendant Public had charged premiums relating to the elevator, constituting its recognition that the elevator was to be included in coverage *(supra,* at 71). Accordingly, we did not rely in *J. P. Realty (supra)* upon the general address of the building premises as a basis for determining the scope of coverage offered by the insurer, only because this address had been set forth as the designated premises. Instead, this court looked to the underlying lease agreement to ascertain the premises which were utilized by the insured to determine the scope of insurance coverage.

Likewise, in the instant case, the endorsement herein, rather than limiting the premises to the specific facility utilized by Cramco, set forth the entire terminal facility as the designated premises. However, the IAS court should have looked to the underlying agreement between Cramco and U.S. Lines. This agreement (although not a lease) provides that U.S. Lines would furnish a facility to Cramco for performance of its services and that Cramco would maintain the facility. With respect to designation of work, the agreement provided that maintenance and repair work would be performed at the facility. However, there is no evidence in this agreement between U.S. Lines and Cramco, contrary to the claims of defendant Travelers, that Cramco was to work throughout the entire terminal facility. The agreement contemplated that all work would be performed at the facility provided for Cramco, although Cramco might pick up equipment throughout the terminal facility for repair in its facility. Thus, the endorsement quoted above limits liability under these circumstances "arising out of the ownership, maintenance or use of *that part* of the premises designated above *leased to the named insured"* (emphasis added). Since the accident did not occur within that part of the premises leased to Cramco, plaintiff General, Cramco's insurer, was not obligated to defend or indemnify

Howland. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.