■ RENSSELAER POLYTECHNIC INSTITUTE, Appellant, v ZUR-ICH AMERICAN INSURANCE COMPANY et al., Respondents.— Mercure, J. Appeal from an order of the Supreme Court (White, J.), entered December 21, 1990 in Fulton County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint against defendant Fred S. James and Company, Inc. and making a declaration in favor of defendant Zurich American Insurance Company.

In July 1985, plaintiff and Ice Capades, Inc., which is owned by Metromedia, Inc., entered into a contract providing for Ice Capades' lease of plaintiff's fieldhouse for performances to be held March 25 through March 30, 1986. Pursuant to the contract, plaintiff was required to obtain a property damage and bodily injury liability insurance policy and indemnify and hold Ice Capades harmless from any claims made against it. On March 7, 1986, defendant Fred S. James and Company, Inc. (hereinafter James) issued a certificate of insurance naming plaintiff as an additional insured on a comprehensive general liability policy that defendant Zurich American Insurance Company (hereinafter Zurich) had issued to Metromedia.

On March 27, 1986, Laura Wilder, who attended an Ice Capades performance at plaintiff's fieldhouse, sustained injuries when she slipped and fell after exiting the building. Wilder and her husband commenced an action against plaintiff and Ice Capades. Plaintiff sought to have Zurich defend and indemnify it, and Zurich denied any obligation to plaintiff for the Wilders' claim. Plaintiff then commenced this declaratory judgment action seeking, *inter alia,* a declaration that Zurich is obligated to defend and indemnify it. Plaintiff alternatively seeks damages from James, claiming that it detrimentally relied upon James' representations that it had been added as an additional insured on Ice Capades' insurance policy. Eventually, plaintiff moved for summary judgment, and both Zurich and James cross-moved for summary judgment. Supreme Court denied plaintiff's motion, granted defendants' cross motions, dismissed the complaint against James and declared that Zurich has no obligation to defend or indemnify plaintiff. Plaintiff appeals.

We affirm. We begin with the proposition that an insurer has a duty to defend only when the allegations made by the plaintiff in the underlying action against the insured bring the matter within the coverage afforded by the policy *(see, Town of Moreau v Orkin Exterminating Co.,* 165 AD2d 415, 418; 70 NY Jur 2d, Insurance, § 1666, at 718-720). Here, there is no question that plaintiff is to be afforded coverage under the

policy as an additional insured or not at all. Significantly, the policy's "additional insured" endorsement explicitly limits that coverage to liability "arising out of the ownership, maintenance or use of *that part* of the premises * * * *leased to the named insured*" (emphasis supplied).

Assuming, without deciding, that plaintiff is an additional insured, we first reject the contention that the leased premises included the walkways immediately adjacent to the fieldhouse. Under the clear terms of the contract with plaintiff, Ice Capades leased only space located within the fieldhouse and not areas external to the structure. Nor are we persuaded by the alternative contention that, while the accident may not have taken place *within* the premises leased to Ice Capades, it did *arise out of the use of* the leased premises, within the purview of the additional insured endorsement. In *General Acc. Fire & Life Assur. Corp. v Travelers Ins. Co.* (162 AD2d 130, 131-132), the First Department construed the very same endorsement as obligating the insurer to defend and indemnify only when the accident occurred "within that part of the premises leased to [the insured]". Finally, we reject plaintiff's argument that the definition of "insured premises" contained in the policy's "premises medical payments insurance" endorsement applies in this case. By its terms, that definition applies only in reference to the premises medical payments insurance, and no claim has been made under that coverage.

The remaining issues have been rendered academic and need not be addressed.

Mahoney, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.