■ RICHARD A. HOLMAN et al., Appellants, v TRANSAMERICA INSURANCE COMPANY, Respondent, et al., Defendants.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 18, 1991, denying plaintiffs' motion for summary judgment and granting summary judgment dismissing the complaint as against defendant Transamerica Insurance Company, unanimously affirmed, without costs. Appeal from order of same court and Judge, entered September 5, 1991, denying reargument of the earlier order, unanimously dismissed, the latter order being nonappealable.

Plaintiffs seek a judgment declaring their general liability insurance carrier's obligation at least to defend them in an underlying action for damage to, and conversion of, their landlord's property. While we recognize the insurer's generally broad duty to defend, if not to indemnify, its insured, we agree with the conclusion of the IAS court that coverage of the underlying claims is not supported by this record.

Plaintiffs leased residential premises from L. Metcalfe Walling for the period 1971-82. Upon termination of the lease, Walling sued plaintiffs in U.S. District Court (SD NY) for $100,000, alleging damage and conversion of property. Specifically, the complaint alleged moisture damage to the house by improper care of the swimming pool, damage to a grand piano, and conversion of "furnishings and personal property" belonging to Walling, valued at $50,000. Transamerica denied

coverage under its general liability policy issued to plaintiffs, and thus declined to defend plaintiffs, forcing them to assume the burden of their own defense in the Walling action.

The policy provided coverage for, *inter alia,* "property damage to which this insurance applies, caused by an occurrence", and Transamerica was under obligation "to defend any suit against the insured seeking damages on account of such * * * property damage, even if any of the allegations of the suit are groundless, false or fraudulent". An "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in * * * property damage neither expected nor intended from the standpoint of the insured".

Excluded from coverage was damage to certain specified property, including property "owned by the insured * * * occupied by or rented to the insured * * * [or] under bailment to the insured". Plaintiffs do not seriously contest that damage to the grand piano, and to the house by reason of improper pool maintenance, clearly fell under these exclusions from coverage. They do challenge the denial of coverage with regard to the remaining claim in the underlying action, asserting that liability for property missing and allegedly converted did not fall under any of the specified exclusions.

Under the lease, the landlord reserved certain "space for the storage of personal clothes and effects" in three specified locations: the cellar area, two storage areas opening into the carport, and an 8 foot by 8 foot storage room opening into the arcade. Plaintiffs argue that these areas were not under their ownership, leasehold or bailment control, and thus did not come under the exclusion clause of the insurance policy. Indeed, they alleged that the landlord retained "unfettered access" to these areas, and urged that the IAS court failed to take notice of the landlord's retention of exclusive custody and control over these areas, as evidenced by Walling's testimony at the Federal trial, thus removing these areas from the policy exclusion.

The lease makes no reference to such "exclusive control" and "unfettered access". The only justification provided in the lease for the landlord's entry onto the premises was for the purpose of examining the property and making necessary repairs and alterations. In actual practice, it is undisputed that Walling did enter the premises from time to time in order to retrieve personal property from certain storage areas, referred to in the testimony as the cellar or basement, and a lengthy crawl space. But whether such retention of custody

and control, exclusive or otherwise, effectively removed such areas from the insurance policy's exclusion clause, is largely academic, inasmuch as the alleged *conversion* of property in these areas by plaintiffs was not a covered occurrence of liability for property damage under the policy in the first place. The policy does not cover liability for theft or conversion, let alone an alleged conversion by plaintiffs themselves. Coverage cannot be afforded on liability for which insurance was not purchased *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 369).

In denying plaintiffs' motion for declaratory relief, the IAS court additionally searched the record and declared judgment in favor of the nonmoving Transamerica. Such *sua sponte* action by the court is authorized under the statute (CPLR 3212 [b]; *see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106), and the IAS court's decision was a proper exercise of that discretion *(Sky Four Realty Co. v C.F.M. Enters.,* 128 AD2d 1011, 1013). Contrary to plaintiffs' assertions, a search of this record reveals that two of the claims in the underlying Federal action came squarely within the policy's exclusion clause, and the third did not call for liability coverage in the first place. Accordingly, declaratory judgment in Transamerica's favor should be affirmed. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.