**NORTHBROOK INSURANCE COMPANY, Respondent,**

v.

**AMERICAN STATES INSURANCE COMPANY, Appellant.**

No. C6–92–1286.

Court of Appeals of Minnesota.

Feb. 2, 1993.

Gregory J. Johnson, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for American States Ins. Co.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Respondent Northbrook Insurance Company commenced this declaratory judgment action in May 1990, asserting appellant American States Insurance Company was obligated to provide a defense in a personal injury action. Northbrook was providing a defense to its insured, Fine Properties of Minnesota, which owned a shopping center in which American States' insured, New York Bakery & Bagel, was a tenant. The American States policy listed Fine Properties as an insured, as required by the lease between New York Bakery & Bagel and Fine Properties. American States answered, denying any obligation to defend. Northbrook and American States subsequently stipulated to the relevant facts and brought cross-motions for summary judgment.

The trial court determined that the American States policy did provide coverage to Fine Properties and that American States was obligated to defend and indemnify Fine Properties. The trial court determined it could not conclude how to apportion coverage between the two policies. Subsequently, the trial court issued a second order for summary judgment determining that coverage would be prorated based on the total policy limits. American States has appealed, asserting the trial court erred in finding it provides coverage and in not holding that Northbrook is primarily liable. Northbrook has filed a notice of review, challenging the trial court's determination that the coverage would be prorated. We reverse.

## FACTS

New York Bakery & Bagel (the bakery) is a tenant in the Texa–Tonka Shopping Center, which is owned by Fine Properties.

Amy K. Adams, Rider, Bennett, Egan & Arundel, Minneapolis, for Northbrook Ins. Co.

On February 13, 1986, Michael Taylor, a part owner and employee of the bakery, slipped and fell on ice in the alley behind the shopping center while loading a truck. Taylor has sued Fine Properties, alleging failure to maintain the alleyway.

Fine Properties was an insured on a policy issued by respondent Northbrook Insurance Company. The Northbrook policy provided broadened general liability coverage with limits of $1,000,000. The business of Fine Properties was identified in the declarations page of the Northbrook policy as a "building owner," and the Texa–Tonka shopping center was identified as one of the buildings insured under the Northbrook policy.

The lease between the bakery and Fine Properties required Fine Properties to maintain the alley to the extent it regarded necessary. The lease also required the bakery to obtain a landlord and tenants' general comprehensive public liability and property damage policy, naming the bakery and Fine Properties as insureds, with coverage of at least $500,000 for bodily injury and property damage. The bakery was an insured on a policy issued by appellant American States Insurance Company. As required by its lease, the bakery added Fine Properties as an additional insured on the American States policy.

In order to list Fine Properties as an insured, an additional insured endorsement was needed which would modify the "persons insured" provision of the policy. Although such an endorsement was never actually attached to the American States policy, American States has stipulated that the endorsement was in effect and that Fine Properties was added to the policy. The endorsement provided that the "persons insured" provision would be

> amended to include as an insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of the premises designated below.

When Taylor commenced suit against Fine Properties, Northbrook retained counsel to defend Fine Properties in the main litigation. Northbrook requested that American States also admit its coverage for Fine Properties and share in the defense costs. American States refused to assist in the defense of Fine Properties. Northbrook commenced the present declaratory judgment action, seeking to compel American States to assist in the defense and to acknowledge an obligation to indemnify.

In its complaint, Northbrook asserted that the American States policy is primary insurance for Fine Properties and is closer to the risk than the Northbrook policy. On cross-motions for summary judgment, the trial court determined American States was obligated to defend and indemnify Fine Properties. The trial court did not determine the extent of American States' obligation.

In a subsequent summary judgment, the trial court determined that coverage would be apportioned pro-rata based on liability limits provided. Under this apportionment, Northbrook was held responsible for two-thirds of the total claim and American States was held responsible for one-third of the claim. American States has appealed the trial court's determination that it provides coverage. By notice of review, Northbrook challenges the trial court's apportionment.

## ISSUES

1. Did the trial court err in determining American States must defend and indemnify Fine Properties for the claims asserted by Taylor?

2. Did the trial court err in apportioning the coverage pro-rata based on policy limits?

## ANALYSIS

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. Minn. R.Civ.P. 56.03. If genuine issues of material fact exist, the fact that the parties have brought cross-motions for summary judgment will not obviate the need for trial of the factual questions. *Holm Mut. Ins. Co.*

*v. Snyder,* 356 N.W.2d 780, 783 (Minn.App. 1984).

In reviewing a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The trial court's grant of summary judgment was based on its interpretation of the insurance policies. The interpretation of the language of an insurance contract is a question of law. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). A reviewing court is not bound by a trial court's determination of a legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ An insurance policy is a contract, the terms of which determine the extent of the insurer's obligations. *Bobich v. Oja,* 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960). In interpreting an insurance policy, a court's function is to determine what the parties' agreement was and to enforce it. *Fillmore v. Iowa Nat'l Mut. Ins. Co.,* 344 N.W.2d 875, 877 (Minn.App.1984). Although ambiguities in the policy are to be strictly construed against the insurer, a court may not read an ambiguity into the plain language of a policy in order to create coverage where none otherwise exists. *Bobich,* 258 Minn. at 294, 104 N.W.2d at 24. In construing an insurance contract, the policy must be considered as a whole. *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.,* 383 N.W.2d 645, 652 (Minn.1986).

■ An insurer's duty to defend its insured arises when any part of the claim is arguably within the scope of coverage afforded by the policy. *Brown v. State Auto. & Cas. Underwriters,* 293 N.W.2d 822, 825–26 (Minn.1980).

■ One of the primary functions of the additional insured endorsement is to protect the additional insured from vicarious liability for acts of the named insured. *Harbor Ins. Co. v. Lewis,* 562 F.Supp. 800, 803 (E.D.Pa.1983). In the landlord-tenant context, the additional insured endorsement limits the coverage afforded the landlord to the tenant's premises. *See General Accident Fire & Life Assur. Corp. v. Travelers Ins. Co.,* 162 A.D.2d 130, 556 N.Y.S.2d 76, 77–78 (1990).

The American States policy provides coverage for liability arising out of the maintenance or use of the tenant's premises. The question whether coverage is afforded for a particular claim depends on whether liability arises out of a hazard associated with the named insured's business. Fine Properties is entitled to coverage only if the claimed liability is based on a hazard associated with the bakery's business.

The American States policy described the premises insured as the 3,200 square feet the bakery occupied in the Texa–Tonka Shopping Center. The premium charged was based on insuring the bakery, not the common areas of the shopping center. The additional insured endorsement under which Fine Properties was added as an insured [1] specified it provided coverage, only with respect to liability arising out of the ownership, maintenance or use of the insured premises, i.e., the bakery. By its terms, the endorsement provides coverage for Fine Properties' negligence *in the bakery.* Coverage is not provided for the rest of the Texa–Tonka Shopping Center.

The lease agreement between Fine Properties and the bakery required Fine Properties to maintain the alley. Failure to maintain the alley is a claim unrelated to the business of the bakery, and the American States policy therefore does not cover such a claim against Fine Properties.

In finding coverage, the trial court relied on the definition of "insured premises" found in the policy's medical payments coverage. That definition, however, by its terms, is limited to the medical payments coverage; it has no application to the general liability coverage of the policy. *See*

---

**1.** Although the endorsement was not attached to the policy, the parties agree it is applicable. Any coverage Fine Properties may have is solely by virtue of the endorsement. The coverage must, however, be limited to what the endorsement provides.

**454**

*Rensselaer Polytechnic Inst. v. Zurich Am. Ins. Co.,* 176 A.D.2d 1156, 575 N.Y.S.2d 598, 600 (1991).

We conclude the trial court erred in holding the American States policy provides coverage for Fine Properties. This conclusion makes it unnecessary to decide whether coverage was correctly apportioned.

### DECISION

The American States policy does not extend coverage beyond the bakery.

Reversed.