629 So.2d 1064 (1994)
HILTON HOTELS CORPORATION, a Delaware corporation, Appellant,
v.
EMPLOYERS INSURANCE OF WAUSAU, Appellee.
No. 93-240.
District Court of Appeal of Florida, Third District.
January 4, 1994.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Coral Gables, for appellant.
Conroy, Simberg & Lewis and Hinda Klein, Hollywood, for appellee.
Before HUBBART,[1] NESBITT, and LEVY, JJ.
LEVY, Judge.
An insured defendant in a slip-and-fall case appeals an adverse summary judgment on a third-party claim against an insurer for indemnity. Because we agree with the trial court's conclusion that the accident here is not covered by the policy, we affirm.
Margaret Burns slipped and fell in the lobby of the Miami Airport Hilton. Burns was an employee of W.H. Smith Hotel Services, and was on her way to work at the W.H. Smith gift shop located inside the Hilton. W.H. Smith leased its store premises from Hilton. Pursuant to the lease, W.H. Smith obtained general liability insurance coverage from Employers Insurance of Wausau. The policy named Hilton as an additional insured, "but only with respect to liability *1065 arising out of the ownership, maintenance, or use of" the W.H. Smith gift shop.
Burns filed suit against Hilton, and Hilton filed a third-party claim against Wausau Insurance seeking indemnity under the policy. The facts were undisputed in the trial court, and each party moved for summary judgment. The trial court entered summary judgment for Wausau Insurance, finding that there was no coverage because Burns' accident did not arise out of the ownership, maintenance, or use of the leased premises. Hilton now appeals, and we must decide whether, under the terms of the policy, this accident arose out of the ownership, maintenance, or use of the gift shop premises.
"We are mindful that `arising out of' is not synonymous with the words `caused by,' but is given a broader meaning in determining whether coverage applies." O'Dwyer v. Manchester Ins. Co., 303 So.2d 347, 348 (Fla. 3d DCA 1974). However, the level of causal connection implied by the `arising out of' language is something less than proximate causation. O'Dwyer, 303 So.2d at 348 (interpreting `arising out of' in context of automobile insurance). "The words `arising out of' ... have been said to mean `originating from', `having its origin in', `growing out of' or `flowing from', or in short, `incident to' or `having connection with'... ." St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117, 120 (Fla. 4th DCA) (interpreting "arising out of" in context of homeowner's insurance), cert. denied, 282 So.2d 638 (Fla. 1973). See also Race v. Nationwide Mut. Fire Ins. Co., 542 So.2d 347 (Fla. 1989) (interpreting "arising out of" in context of U.M. automobile insurance); Hernandez v. Protective Casualty Ins. Co., 473 So.2d 1241 (Fla. 1985) (interpreting "arising out of" in context of P.I.P. automobile insurance). It is with these principles in mind that we undertake the fact sensitive analysis necessary to decide this case.
We reject Hilton's contention that this accident arose out of the use of the W.H. Smith premises. First, and most importantly, this accident did not physically occur on the premises which were covered by the policy, i.e. the gift shop. Rather, it occurred some undetermined distance from the gift shop.[2]See Totten v. Underwriters at Lloyd's London Subscribing Certificate E.B. 4102, 176 Cal. App.2d 440, 1 Cal. Rptr. 520 (1959) (horse accident which occurred away from insured horse stable not covered); United States Fire Ins. Co. v. Schnackenberg, 88 Ill.2d 1, 57 Ill.Dec. 840, 429 N.E.2d 1203 (1981) (bicycle accident two and a half blocks from insured premises not covered); Rensselaer Polytechnic Inst. v. Zurich American Ins. Co., 176 A.D.2d 1156, 575 N.Y.S.2d 598 (1991) (slip-and-fall on sidewalk leading from insured premises not covered). Second, there was no physical connection between the accident and the premises. The accident was not a result of any physical condition which emanated from the premises, such as flowing liquid, an escaped animal, or a runaway vehicle. See generally E.T. Tsai, Annotation, Premises Liability Insurance: Coverage of Injury Sustained On or In Connection With Sidewalks or Ways Adjacent to Certain Named Property, 23 A.L.R.3d 1230 (1969). The only way that this accident was even remotely related to the gift shop, was due to the pure coincidence that the injured party was a W.H. Smith employee on her way to work. We deem this isolated connection insufficient to bring this accident within the coverage of the policy. See Rensselaer Polytechnic Inst., 575 N.Y.S.2d at 598-99.
The summary judgment rendered below is affirmed.
NOTES
[1] Judge Hubbart did not participate in oral argument.
[2] Counsel for both sides admitted at oral argument that there were no findings of fact regarding the exact distance of the accident from the gift shop.