UNITED STATES FIDELITY & GUAR-ANTY, Plaintiffs/Respondents,

v.

Stanley & Dolores DRAZIC and National Fire & Indemnity Exchange, Defendants/Appellants.

No. 64632.

Missouri Court of Appeals, Eastern District, Division Three.

May 17, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1994.

Carolyn J. Biermann, St. Louis, for defendants, appellants.

Steven M. Aroesty, Robbye Hill Toft & Associates, St. Louis, for plaintiffs, respondents.

SMITH, Judge.

Defendants, Stanley and Delores Drazic and National Fire and Indemnity Exchange (NFIE), appeal the trial court's grant of summary judgment in favor of plaintiff, United States Fidelity and Guarantee (USF & G). We affirm.

The Drazics leased a portion of the basement of the building they owned at 418 Manchester Road in Ballwin, Missouri, to the Brewers in which to operate Brewer's Quilt Shop. The remainder of the basement and the first floor of the building were used by the Drazics' business, Preiss Cleaners.

The lease between the Drazics and Brewers called for the Brewers to include the Drazics as additional insureds on their liability policy. The Brewers requested that such an endorsement adding the Drazics be issued by their insurance company, USF & G. The endorsement became effective on June 7, 1983. The relevant portions of the Additional Insured Endorsement which was issued state:

> It is agreed that the "Persons Insured" provision is amended to include as an insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured
>
> . . .

The persons named as additional insureds are the Drazics, and the premises is designated as 418 Manchester Road, Ballwin, Missouri 63011.

On January 7, 1986, Jacqueline Leary (Leary), an employee of Brewer's Quilt Shop fell while walking across a parking lot near the Drazics' building. In a suit filed by Leary, she alleged that the Drazics negligently and improperly discharged steam from their dry cleaning business which

formed ice on the parking area causing her fall. The Drazics were provided defense to this suit by their liability insurer, NFIE.

After Leary's tort suit had been pending for over a year and a half, the Drazics contacted USF & G requesting that USF & G take over their defense to the Leary claim pursuant to USF & G's policy with the Brewers naming the Drazics as additional insureds. USF & G refused this request believing the additional insured coverage applied only to liability arising out of ownership, maintenance or use of the portion of the basement actually leased to the Brewers. Shortly after the Drazics' request, Leary and the Drazics reached a settlement, and the civil suit was dismissed with prejudice.

A declaratory judgment action was initiated by USF & G to determine whether and to what extent USF & G owed indemnity on the Leary claim and settlement. Both USF & G and Defendants made motions for summary judgment. The trial court granted USF & G's motion after determining: 1) "no genuine issue of material fact existed"; 2) "the endorsement to [the Brewers'] policy ... provided liability coverage to the [Drazics] only with respect to liability arising out of the ownership, maintenance, or use of that part of the premises leased to [the Brewers]"; and 3) "[t]he incident giving rise to the claim asserted [by Leary] did not take place on that part of the premises leased to the named insured of [USF & G]". Defendants appeal this grant of summary judgment. Defendants further urge this Court to remand to the trial court for entry of summary judgment in their favor. Defendants also ask for attorney's fees and interest due to USF & G's alleged vexatious refusal to pay.

■ Summary judgment is properly granted where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Martin v. City of Washington*, 848 S.W.2d 487 (Mo. 1993) [6]. "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute." *ITT Commercial Finance Corp. v. Mid–America Marine Supply*, 854 S.W.2d 371 (Mo. banc 1993) [9]. "The key to summary judgment is the undisputed right to

judgment as a matter of law; not simply the absence of a fact question." *Id.* at [12].

In this case, there is no doubt that summary judgment was appropriate. There are no genuine issues of material fact. Further, one of the parties is entitled to judgment as a matter of law. The issue to be resolved is whether the Drazics were covered as additional insureds under the Brewers' USF & G liability policy for the incident which gave rise to the claim asserted by Leary.

■ An analysis of the scope of coverage of an insurance policy must begin with an analysis of the insurance contract itself. The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties as expressed in the whole of the contract. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261 (Mo. banc 1973) [1–4]. If the intent of the parties is expressed in clear and unambiguous language through the contract, a court will not resort to any of the tools of contract construction. *Id.*

■ Here there are two contracts. The first is the lease between the Drazics and the Brewers. The second is the Brewers' liability insurance contract with USF & G naming the Drazics as additional insureds. The lease described the premises leased as a "designated portion of a commercial building known and numbered as 418 Manchester Road, Ballwin, Missouri, 63011, plus the area adjacent to the entrance of Brewer's Quilt Shop for installation of their office."

The Additional Insured Endorsement of the insurance policy in this case states:

> It is agreed that the "Persons Insured" provision is amended to include as an insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured
>
> . . .

When the person and premises designated below this clause are inserted into the clause at the proper places it reads:

> It is agreed that the "Persons Insured" provision is amended to include as an in-

sured *Stanley and Delores Drazic,* but only with respect to liability arising out of the ownership, maintenance or use of that part of *418 Manchester Road, Ballwin, Missouri 63011* leased to the *Brewers* ...

By its plain language, this clause contemplates coverage for the Drazics as additional insureds for liability arising out of incidents taking place in that part of the building leased to the Brewers pursuant to the lease contract. The accident here involved took place on a parking area outside the building.

Defendants argue this additional insured endorsement also covers ways immediately adjoining the building on land such as parking areas and walkways. "Insured premises" as defined in the liability policy does include "ways immediately adjoining such premises on land" and would protect the Brewers for liability incurred by them for their negligence on such ways. But the additional insured provision under which defendants' coverage is determined does not utilize the term "insured premises". It refers only to "premises designated below leased to the named insured". The land on which Leary was injured was not a part of the premises "leased to the named insured".

The purpose of additional insured endorsements obtained in a landlord-tenant context is to provide landlords protection from vicarious liability due to a tenant's action which takes place on the premises that the tenant has leased. *See Northbrook Ins. v. American States Ins.,* 495 N.W.2d 450 (Minn.Ct. App.1993). The additional insured endorsements in these settings are meant to provide specialized protection rather than all-encompassing coverage. Such a purpose is evidenced in this case by the dramatically lower premium for the additional insured endorsement, $72 per year, as opposed to the premium for the Brewers' main coverage, $333 per year. The *Northbrook* case is factually indistinguishable from the case before us. The court there held that the injury did not arise out of a hazard of the tenant's business and liability coverage for the injury was not provided by the additional insured coverage naming the landlord. The injury to Leary did not arise out of a hazard of Brewer's Quilt Shop on the premises leased to Brew-

er's and was not covered by the additional insured coverage. Defendants are seeking a determination that the protection furnished Drazics as additional insureds is coextensive to the protection furnished Brewers as named insureds. It is not.

This type of specialized coverage applies only after an act by the tenant causes injury on the actual premises leased to the tenant for which the landlord can be held vicariously liable. The injury to Leary occurred due to alleged negligence on the part of the landlords' business, Preiss Cleaners, and did not occur on the premises leased to the Brewers.

The USF & G liability insurance contract plainly and unambiguously does not cover the Drazics for the injury to Leary. Therefore, USF & G was entitled to judgment as a matter of law. Due to our disposition of the case, we need not address defendants' vexatious refusal to pay claim.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.