■ HARVEY AXELROD et al., Appellants, v MARYLAND CASUALTY COMPANY, INC., Respondent, et al., Defendants. (And Related Actions.) [619 NYS2d 10] —Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered on or about March 23, 1994, which *inter alia,* granted defendant Maryland Casualty Company, Inc.'s motion for summary judgment and declared it was not obligated to defend plaintiffs in a certain lawsuit, unanimously affirmed, with costs.

Plaintiff landlord/lessor, among others, was sued by an employee of its fourth floor commercial tenant. Under the terms of the lease with the fourth floor tenant, the tenant was obligated to obtain a comprehensive policy of liability insurance protecting "Landlord and Tenant against any liability whatsoever occasioned by accident on or about the demised premises or any appurtenances thereto". The demised premises were clearly and unambiguously listed in the policy as being "29 East 19th Street, 4th Floor". The policy, however, failed to list the landlord as an additional insured as of the time of the complained incident. The alleged injury to the commercial tenant's employee occurred when he walked through the freight elevator door opening on the first floor and fell down the elevator shaft. Under the terms of the policy, the subject injury did not occur on the demised premises nor on any appurtenance thereto. Consequently, the issuer had no duty to defend and indemnify plaintiff-landlord even if the policy were reformed to include plaintiff-landlord as an additional insured as of the date of the alleged injury. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.