■ PRESTIGE PROPERTIES AND DEVELOPMENT Co., INC., et al., Respondents, v MONTEFIORE MEDICAL CENTER et al., Appellants. [828 NYS2d 31]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about August 28, 2006, which granted defendants' motion for partial summary judgment to the extent of dismissing the second cause of action and granted plaintiffs' cross motion for partial summary judgment to the extent of directing defendant insurer to provide a defense to plaintiff Prestige in an underlying action, unanimously modified, on the law, the first and sixth causes of action dismissed, plaintiffs' cross motion denied, and otherwise affirmed, with costs in favor of defendants payable by plaintiffs. Appeal from decision, same court and Justice, entered September 8, 2005, unanimously dismissed, without costs.

Plaintiffs (collectively Prestige) are the owners/operators of commercial property located in the Bronx. Prestige leased certain space, defined in the lease as the "demised premises," to defendant Montefiore Medical Center. Under the lease,

Montefiore was obligated to obtain certain insurance coverage for Prestige, which it did through defendant HANYS Insurance Company. During the course of Montefiore's tenancy, one of its employees claimed she was injured in a common area hallway of the demised premises when part of the ceiling fell and struck her. The employee commenced a personal injury action against Prestige (the underlying action). After HANYS refused to undertake Prestige's defense in the underlying action, Prestige commenced the instant action alleging, inter alia, that Montefiore breached its obligation to defend and indemnify Prestige.

Defendants moved for partial summary judgment, and plaintiffs cross-moved for, inter alia, a declaration that HANYS was obligated to defend and indemnify plaintiffs in the underlying personal injury action. As relevant to this appeal, Supreme Court denied defendants' motion to dismiss the first and sixth causes of action relating to contribution and indemnification, and granted plaintiffs' cross motion to the extent of directing that HANYS provide a defense to plaintiff Prestige.

Prestige is not an additional insured for the loss alleged in the underlying action. Reading the insurance policy as a whole (*see MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 341 [2004]), Prestige would be covered as an additional insured only if the underlying action sought to hold Prestige vicariously liable for Montefiore's negligent acts, if the underlying accident arose from Montefiore's "use, occupancy, construction or repair" of the demised premises, or if the accident occurred in a common area *and* Montefiore were at fault.

Prestige's attempt to circumvent the "common area" exception to coverage is unavailing. Positing that the duty to provide coverage is determined by the allegations in the complaint and terms of the policy (*see Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293, 298 [1996]), Prestige argues that since the complaint in the underlying action does not allege that the accident occurred in a common area, defendants may not rely on that allegation as set forth in the bill of particulars to decline coverage. The proposition is at best doubtful. In any event, the final "amended complaint," which supersedes all previous pleadings, specifies that the accident occurred in a "common area." Thus, HANYS properly declined coverage based on the injured employee's allegation that the accident occurred in a common area, unless Montefiore's negligence contributed to the accident. Notably, the record is devoid of any evidence that Montefiore's negligence caused a portion of the ceiling to fall.

Moreover, Prestige also fails to raise a triable issue of fact as

to any relationship between the ceiling collapse and Montefiore's "occupancy, construction or repair" of the demised premises (*see Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44, 47-48 [2003], citing *General Acc. Fire & Life Assur. Corp. v Travelers Ins. Co.*, 162 AD2d 130 [1990]).

Finally, Prestige's attempt to trigger coverage based on its status as Montefiore's real estate manager is improperly raised for the first time on appeal, and, in any event, without merit.

Since the underlying complaint does not allege any negligence by Montefiore and Prestige did not come forward with any evidence of such negligence, defendants should have been granted summary judgment dismissing the first and sixth causes of action. Concomitantly, the award of summary judgment to Prestige, directing HANYS to defend them in the underlying action, was erroneous, since Prestige is not an additional insured under the policy. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.