[963 NYS2d 182]

SENECA INSURANCE COMPANY, INC., Appellant-Respondent, v
CIMRAN CO., INC., et al., Respondents-Appellants.

First Department, April 9, 2013

## APPEARANCES OF COUNSEL

*Tese & Milner*, New York City (*Michael M. Milner* and *Alexander Statsky* of counsel), for appellant-respondent.

*Keidel, Weldon & Cunningham, LLP*, White Plains (*Darren P. Renner* and *Zachary A. Mengel* of counsel), for respondents-appellants.

## OPINION OF THE COURT

Saxe, J.

This appeal provides us, once again, with the opportunity to reiterate and reaffirm an ancient principle of insurance law: that insurance coverage cannot be imposed based on liability for which insurance was not purchased or provided.

While summary judgment was properly denied to plaintiff, Seneca Insurance Company, on its cause of action seeking a declaration that the insurance policy it issued to defendants is void ab initio, we modify to grant Seneca's motion for summary judgment declaring, upon its second cause of action, that it has no duty to defend and indemnify defendants in the underlying personal injury action because the commercial general liability insurance policy it issued to them did not cover the portion of their property on which the accident occurred.

On or about October 12, 2009, while construction was under way to add three additional stories onto defendants' one-story building at 34-45 Francis Lewis Boulevard, in Flushing, Queens, an employee of the subcontractor handling the framing for the additional floors fell and sustained injuries. While the complaint in the personal injury action states merely that the plaintiff fell at "the construction site," the bill of particulars adds that the incident took place while "the plaintiff was working on the fourth floor on top of the steel framing of the fourth floor side and/or edge."

By a Notice of Occurrence/Claim dated February 19, 2010, defendants provided notice of the occurrence to Seneca. In a letter dated March 3, 2010, Seneca advised defendants that it had received the summons and complaint, stating that this constituted its first notice of the claim. By follow-up letter dated March 15, 2010, Seneca reserved its rights to disclaim coverage and/or rescind the policy, stating that further investigation of the claim was needed, including whether defendants had misrepresented on their insurance application that they had no intention of conducting demolition or construction at the premises.

Meanwhile, by notice of cancellation dated March 11, 2010, Seneca had cancelled defendants' policy effective April 1, 2010, for the reason that "[t]he building is currently under construction."

Seneca then commenced this action, seeking a declaration that it had no duty to defend the defendants in the underlying action because the accident did not take place at the "Designated Premises" covered by the policy; specifically, the insured premises was a 10,000-square-foot, one-story building, but the accident occurred on the three story addition, which materially altered the "Designated Premises." Seneca also sought a declaration that the policy was void ab initio based on defendants' material misrepresentations in their original insurance applica-

tion, as well as in their yearly policy renewal applications, that no demolition or construction at the premises was contemplated.

Both sides moved for summary judgment. Defendants contended that Seneca's cancellation of the policy effective April 1, 2010 effectuated a waiver of the rescission claim or constituted grounds to estop it from seeking rescission of the policy. Seneca cross-moved for summary judgment declaring that the policy was void ab initio for material misrepresentations made in the insurance application, that it had no duty to defend or indemnify, and further, that the construction site from which the injured plaintiff fell was not part of the Designated Premises and therefore was not covered under the policy. The motion court denied both sides' motions (2012 NY Slip Op 33166[U] [2012]).

■ Defendants' motion for summary judgment was correctly denied. There is no merit to defendants' argument that Seneca should be estopped from rescinding the subject policy because it already cancelled it. Seneca learned of the underlying lawsuit on February 19, 2010, and properly issued a notice cancelling the policy as of April 1, 2010, based on its new awareness that, contrary to the insureds' representations on their applications for insurance, the building was then under construction. However, as of the time of the March 11, 2010 cancellation, Seneca did not know when the construction had begun, or had first been contemplated, so it did not yet have a basis for claiming a right of rescission (*see Security Mut. Ins. Co. v Perkins*, 86 AD3d 702, 704 [3d Dept 2011]). Notably, after the cancellation notice was issued, Seneca undertook the defense (for the period preceding cancellation), subject to its reservation of rights.

■ Plaintiff's motion for summary judgment declaring that the policy is void ab initio was correctly denied. Plaintiff cannot yet establish as a matter of law whether defendants were "contemplat[ing]" performing the construction work when they submitted a renewal application stating that they were not. Although defendant Cimran's president, defendant Darshan S. Bagga, indicated in 2006 that he was considering selling the premises, the 2006 proposal for construction work was not signed by him until 2008. Bagga testified at his deposition that the decision to build on the existing structure was not made until March 2008, after the insurance application had been submitted in January 2007, and that an engineer was initially retained with regard to selling the premises and enhancing the value of the building by obtaining air rights.

The record before us also fails to support Seneca's claim that it was entitled to rescind its policy as of the renewal dates, since

neither the resubmission of all documentation, including the insurance application, nor the pertinent portions of the submitting broker's testimony, are included.

■ However, there are no issues of fact precluding summary judgment declaring that the construction site from which the injured worker fell was not part of the insured premises and therefore was not covered under the policy.

The property was described in defendants' application for insurance as a one-story building occupied by a billiard hall and a health spa. Since the policy was explicitly issued in reliance on the representations made in the application, there can be no real dispute or confusion that the purchased coverage was limited to the one-story building, which housed two commercial tenants. Nor is there any dispute or confusion regarding where the accident occurred; according to the plaintiff's bill of particulars in the personal injury action, the accident took place "[on] the steel framing of the fourth floor" of what he described as the "construction site" at 34-45 Francis Lewis Boulevard.

"Coverage cannot be afforded on liability for which insurance was not purchased" (*Holman v Transamerica Ins. Co.*, 183 AD2d 589, 591 [1st Dept 1992], *affd* 81 NY2d 1026 [1993]). While the obligation to defend is broader than the duty to indemnify, it "does not extend to claims not covered by the policy" (*National Gen. Ins. Co. v Hartford Acc. & Indem. Co.*, 196 AD2d 414, 415 [1st Dept 1993]). "[I]f the allegations interposed in the underlying complaint allow for no interpretation which brings them within the policy provisions, then no duty to defend exists" (*Atlantic Mut. Ins. Co. v Terk Tech. Corp.*, 309 AD2d 22, 29 [1st Dept 2003]).

If a policy insures a portion of a building, it does not cover an injury occurring in another portion of the building; in *Axelrod v Maryland Cas. Co.* (209 AD2d 336 [1st Dept 1994]), the insured obtained a policy covering the fourth floor of a building, while the claimed injury for which the insured was sued occurred on the first floor, and this Court found no duty to defend. Defendants obtained insurance to cover a one-story, two-unit building only.

Since the policy only provided coverage for injuries arising out of the insured building, namely, the 10,000 square feet located on the first, and at that time only, floor of the building, it necessarily did not provide coverage for an additional three floors of an intended four-story structure, nor for the structure that existed during the construction of three additional floors on top of the insured building.

The dissent argues that Seneca is not entitled to summary judgment on this point because the documents it offers to prove that the accident occurred somewhere other than in the insured one-story building were not admissible evidentiary materials, having been verified only by counsel. However, it is these same documents that formed the basis for defendants' claim for insurance coverage. There is no reason why the court cannot hold, as a matter of law, that those documents fail to establish a valid basis for coverage under the purchased policy.

Seneca is therefore entitled to summary judgment on its second cause of action for a declaration that it has no obligation to defend and indemnify defendants for the claim brought against them by the plaintiff in the underlying action.

Accordingly, the order of the Supreme Court, New York County (Charles E. Ramos, J.), entered June 21, 2012, which denied defendants' motion for summary judgment dismissing the complaint and denied the cross motion of plaintiff, Seneca Insurance Company, for summary judgment declaring that the insurance policy Seneca issued to defendants was void ab initio and that Seneca had no duty to defend and indemnify defendants in the underlying personal injury action, should be modified, on the law, to grant Seneca's cross motion to the extent of declaring that it had no duty to defend and indemnify defendants in the underlying personal injury action, and otherwise affirmed, without costs.

ABDUS-SALAAM, J. (dissenting in part). I believe that the motion court properly denied summary judgment to plaintiff on its second cause of action. In support of the motion, plaintiff submitted the complaint in the underlying action, which alleged that the accident had occurred at the premises and work site (also referred to in the complaint as the construction site). It also submitted the bill of particulars for the complaint, which alleges that the incident took place at the construction site at the premises, "specifically, on the steel framing of the fourth floor." Both the complaint and the bill of particulars are verified by counsel, who has no personal knowledge of the location of the accident, and thus these statements "fail[ ] to qualify as proof in admissible form" (*Kaufman v Medical Liab. Mut. Ins. Co.*, 92 AD3d 1057, 1059 [3d Dept 2012]). Plaintiff, having failed to tender "evidentiary proof in admissible form" regarding the location of the accident (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), did not make a prima facie showing of entitlement to summary judgment (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

SWEENY, J.P., and FEINMAN, JJ., concur with SAXE, J.; DE-GRASSE and ABDUS-SALAAM, JJ., dissent in a separate opinion by ABDUS-SALAAM, J.

Order, Supreme Court, New York County, entered June 21, 2012, modified, on the law, Seneca's cross motion granted to the extent of declaring that it had no duty to defend and indemnify defendants in the underlying personal injury action, and otherwise affirmed, without costs.