625 GROUND LESSOR LLC et al., Appellants, v CONTINENTAL CASUALTY COMPANY, Respondent. [17 NYS3d 26]—

Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered January 5, 2015, declaring that defendant has no duty to defend or indemnify plaintiffs in

the underlying personal injury actions, unanimously affirmed, without costs.

The motion court correctly determined that the accident in which an individual was injured in the lobby of a building while en route to her employment with a tenant that leased space on the seventh through eleventh floors occurred outside the leased premises, and therefore that the landlord was not entitled to coverage as an additional insured under the employer's commercial general liability policy (*see Axelrod v Maryland Cas. Co.*, 209 AD2d 336 [1st Dept 1994]; *Prestige Props. & Dev. Co., Inc. v Montefiore Med. Ctr.*, 36 AD3d 471 [1st Dept 2007]). This is not a case where the tenant was afforded special or exclusive use of the building lobby or the elevator that the injured individual allegedly was entering when she slipped or where the lobby provided incidental use necessary to the operation of the leased premises (*compare e.g. 1515 Broadway Fee Owner, LLC v Seneca Ins. Co., Inc.*, 90 AD3d 436, 437 [1st Dept 2011]; *Jenel Mgt. Corp. v Pacific Ins. Co.*, 55 AD3d 313 [1st Dept 2008]). As the motion court observed, the lobby and the elevator were available to all employees of all tenants in the building and "were no more necessary to the operation of [the tenant's] business than they were to that of every commercial tenant in the building."

Since their claims are precluded by the additional insured endorsement, plaintiffs are not entitled to defense costs (*Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 38, 42 [1st Dept 2005]). Equally unavailing are plaintiffs' claims for consequential damages for attorneys' fees (*see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12 [1979]) and alleged bad faith.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.