Williams v 2897 Third Ave., Inc., LLC (2020 NY Slip Op 05171)





Williams v 2897 Third Ave., Inc., LLC


2020 NY Slip Op 05171


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 25027/2017E Appeal No. 11883 Case No. 2019-4694 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]Shameka Williams, Plaintiff,
v
2897 Third Avenue, Inc., LLC, Defendant-Respondent, Joseph L. Balkan, Inc., et al., Defendants, City Mall, Inc., Defendant-Appellant.


Devitt Spellman Barrett. LLP, Smithtown (Christi Kunzig of counsel), for appellant.
Goldberg. Miller & Rubin, P.C., New York (Matthew D. Lavoie of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered May 6, 2019, which, inter alia, upon granting defendant City Mall, Inc.'s motion to renew, adhered to its prior determination granting 2897 defendant Third Avenue LLC's (Third Avenue) motion for partial summary judgment on its cross claim for contractual defense and indemnification against City Mall, unanimously reversed, on the law, without costs, and Third Avenue's motion for partial summary judgment denied.
In this trip and fall action, defendant tenant City Mall's obligations to defend and indemnify defendant landlord Third Avenue are governed by the lease provision concerning contractual indemnification, not the provision regarding insurance procurement. As no evidence was offered by Third Avenue to show any relationship between plaintiff's trip and fall and City Mall's occupancy or lease obligations, denial of Third Avenue's summary judgment motion on its cross claim is warranted (see Prestige Props. & Dev. Co., Inc. v Montefiore Med. Ctr., 36 AD3d 471 [1 st Dept 2007]). Furthermore, City Mall offered evidence that Third Avenue's contractor performed excavation and repair work on the sidewalk just months prior to plaintiff's accident, such as to indicate that Third Avenue might have caused the alleged broken condition of the sidewalk. Where, as here, a question of fact exists regarding an owner's negligence in the cause of an accident, a request for summary judgment on a contractual defense and indemnification claim must be denied as premature (see Barraco v First Lenox Terrace Assoc., 25 AD3d 427, 429 [1 st Dept 2006]; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807 [2d Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020