Wesco Ins. Co. v Jewelers Mut. Ins. Co. (2025 NY Slip Op 00733)

Wesco Ins. Co. v Jewelers Mut. Ins. Co.

2025 NY Slip Op 00733

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 155417/23 Appeal No. 3631 Case No. 2024-04153 

[*1]Wesco Insurance Company, Plaintiff-Appellant,
v
Jewelers Mutual Insurance Company, Defendant-Respondent.

Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for appellant.
Wade Clark Mulcahy LLP, New York (Dennis M. Wade of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about June 27, 2024, which denied plaintiff's motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint and declaring that defendant is not obligated to provide insurance coverage to plaintiff Wesco Insurance Company's insured AKJR Associates LLC, unanimously affirmed, without costs.
Nonparty Rio De Oro Jewelry Corp. leased and operated a store on the ground floor of the premises owned by nonparty AKJR. As relevant to this appeal, the store was situated on the corner of Liberty Avenue and Eldert Lane in Brooklyn. The record shows that the store's sole entrance and storefront was located on the Liberty Avenue side of the building, while the Eldert Lane side of the store was a windowless, doorless wall. On the sidewalk abutting the Eldert Lane side of the store were cellar doors opening to a staircase leading to the building's basement. It is undisputed that at all relevant times the leased premises did not include, and that Rio otherwise had no access to nor an obligation to maintain, the basement or the cellar doors. While the basement was situated below the store, there was no internal access to the basement through the Rio jewelry store. Further, the record clearly establishes that another AKJR tenant had exclusive use and control over the basement and cellar doors. Additionally, while the lease obligated Rio to keep the sidewalk "in front of" the store (which we read to mean the Liberty Avenue storefront) free from obstructions, it is silent as to any similar duty regarding the Eldert Lane sidewalk with the cellar doors, and fails to impose upon Rio any broader duty regarding the sidewalks abutting the store.
Rio, in accordance with its lease, named AKJR as an additional insured in an insurance policy issued to it by defendant Jewelers Mutual Insurance Company. The policy covered AKJR "only with respect to liability arising out of the ownership, maintenance, or use of that part of the premises leased to [Rio]." The plaintiff in the underlying action alleged that he tripped and fell over a raised concrete panel surrounding and containing the cellar doors.
Defendant is not obligated to cover AKJR as an additional insured because the injury did not arise out of AKJR's ownership of "that part of the premises leased to Rio" (see General Acc. Fire & Life Assur. Corp. v Travelers ins. Co., 162 AD2d 130, 132 [1st Dept 1990][denying coverage where relevant documents did not expressly expand coverage to incidents involving lessee's use of areas beyond those leased to the lessee]; see cf. Tower Ins. Co. of NY v Leading Ins. Group ins. Co., Ltd., 134 AD3d 510, 510 [1st Dep't 2015][affirming declaration of coverage where lease obligated lessee to indemnify landlord for any damages arising out of use of demised premises or the streets and sidewalks adjacent thereto, as well as to maintain the sidewalk and curb]). The raised concrete [*2]panel which allegedly caused the underlying injury was part and parcel of the cellar doors, which was not part of Rio's demised premises, property which Rio had no obligation to maintain. As such, any liability resulting from the trip and fall did not arise out of AKJR's ownership of that part of the building leased to Rio. For these reasons, the court properly granted defendant's motion.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025