331 So.2d 379 (1976)
David BROWN, a Minor, by and through His Parents, Legal Guardians and Next Friends, et al., Appellants,
v.
Helen R. DILWORTH et al., Appellees.
Helen R. DILWORTH, Appellant,
v.
David Brown et al., Appellees.
CONSOLIDATED MUTUAL INSURANCE COMPANY, Appellant,
v.
David BROWN et al., Appellees.
Nos. 75-748, 75-1091, 75-1030 and 75-1058.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for Brown.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for Allstate.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for Great American.
Sam Daniels, Miami, for Consolidated Mutual.
Michael M. Tobin, Coral Gables, for Dilworth.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
These consolidated appeals were filed by the plaintiffs (Nos. 75-748 & 75-1091), by the defendant Helen R. Dilworth (No. 75-1030), and by the defendant Consolidated Mutual Insurance Company (No. 75-1058). The judgment appealed from was entered upon a trial relating to questions of coverage of the several insurers, held in advance of trial of the merits of a personal injury action.
The facts involved included the following. Dilworth, owner of an apartment complex, regularly parked a Ford truck on the premises, in which garbage and trash of the tenants was placed. At the end of a week, or when the truck became full, it was driven by an employee of the owner to *380 a dumping area where the garbage and trash thereon was dumped. At a time when the truck was so parked on the premises, and had been partially filled with garbage or trash, two small children of tenants were playing on or about the truck. Out of the trash on the truck one of the children picked up a bottle that contained some residue of a commercial drain cleaner. Apparently believing it to be some kind of lotion, one of the children put some of the liquid on the other, stating "Hold it, Chip, let me put some lotion on you". The injury caused to the child by the caustic material forms the basis of this action against the owner Dilworth, Consolidated Mutual Insurance Company, the premises liability insurer, Allstate Insurance Company, the truck insurer, and Great American Insurance Co., the umbrella insurer.
The insurers filed answers denying coverage. Dilworth filed a cross-claim against Allstate, claiming damages for alleged bad faith of Allstate in denying coverage and in failing and refusing to settle the plaintiff's claim on a certain basis.
The pertinent coverage provision in the Allstate policy was as follows:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."
Further in the Allstate policy there was a provision that "use of the automobile for the purposes stated include the loading and unloading thereof".
The policy of Consolidated stated coverage as follows:
"The company will pay on behalf of the insured all sums which the insured become legally obligated to pay as damages because of Coverage A. bodily injury, or Coverage B. property damage, to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto * * *."
The Consolidated policy contained an exclusion provision as follows:
"This insurance does not apply:
* * * * * *
"(b) To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented to the named insured".
The trial court held there was absence of coverage under the Allstate policy, and dismissed Dilworth's cross-claim against Allstate; held there was coverage under Consolidated's policy; and held that the coverage under the Great American policy was for excess insurance over the limits of the Consolidated policy. In so holding the trial court concluded the injury was not caused by use of the automobile within the meaning of the insurance polices involved. The plaintiffs and Dilworth, appealing, and Great American Insurance Co. as a cross-appellant, contend the holding of the trial court with reference to use of the truck was error. Consolidated, appealing makes the same contention, since that holding resulted in ruling there was coverage under Consolidated's policy.
Having considered the record and briefs, and the arguments and the authorities cited in support thereof, we find no reason in law to disturb the decision made by the trial court.
The judgment is affirmed.