PER CURIAM.
The thrust of this appeal is the question of coverage as between two insurance policies issued to the City of Miami, one by Appalachian Insurance Company and the other by Hartford Accident & Indemnity Company. This case stems from an auto *25 mobile-pedestrian accident. The appeal is by Hartford from a final judgment in favor of the City of Miami and Appalachian, on the coverage question.
The policy issued by Appalachian to the City of Miami is a “Law Enforcement Comprehensive Professional Liability Policy.” Coverage “C” of that policy, entitled “Comprehensive Liability Coverage,” provides:
“Subject to the terms, conditions and limitations hereinafter mentioned, to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of claims for . or other claims growing out of the performance of the duties of the law enforcement officers or their employees, during the current period of this policy and occurring while in the public employment and/or in the course of the assigned duties of the named insured." (Emphasis added)
The policy issued by Hartford is a standard automobile liability policy covering the police car. The bodily injury liability clause, coverage “C,” provides:
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage C. bodily injury or
Coverage D. property damage
to which this insurance applies caused by an occurrence and arising out of the operation, maintenance or use, including loading and unloading of any automobile .” (Emphasis added)
The word “occurrence” is defined in the Hartford policy as
“. . .an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . ” (Emphasis added)
The accident from which this case arose took place on a four lane street in Miami on a rainy night in October, 1974. The car in which the minor plaintiff, Wilson, was riding, had a blowout and collided with an oncoming vehicle. It then stopped in the lane closest to the center line in the direction in which it was originally headed. The vehicle which was hit came to rest in the parking lane on the other side of the street, more than two lanes away. A City of Miami police officer arrived on the scene and instructed that the car in which Wilson was riding be moved off the roadway. The officer then parked the police car behind the car on the other side of the street, leaving on the overhead blue lights and emergency flashers. At the same time, another car was proceeding in the same direction as, and approaching the car which Wilson had been riding in, and was now helping to push off the roadway according to the officer’s instructions. The driver of this third automobile, curious about the police car’s flashing lights, became distracted and struck Wilson, injuring him.
Wilson and his mother filed a complaint for damages for the injuries he sustained in the accident. There were several defendants, including the driver of the third car, the City of Miami, Appalachian and Hartford. The complaint alleged, among other things, that the City of Miami police officer was negligent in that he failed to put out safety flares; failed to use the police car as a barricade; failed to wear luminous rain gear and station himself in sight of oncoming traffic; failed to use his traffic wand to direct traffic around the disabled car; left the disabled vehicle on the roadway; failed to warn the minor plaintiff of the danger; and told the minor plaintiff to push the disabled vehicle out of the street.
Appalachian and the City of Miami settled the plaintiffs’ claim as to all defendants, reserving the right to proceed without prejudice against Hartford on the question of applicable coverage. A non-jury trial was held on the coverage issue. The trial judge ruled that the Hartford policy applied to the automobile-pedestrian accident; that the accident and resulting injuries arose out of the use and operation of the police car; and that as both insurance policies applied to the loss, Hartford would, be liable for one-half of the settlement paid by Appalachian. This appeal ensued.
*26 Hartford contends that the accident did not arise out of the use of the police vehicle, as it was not involved in the accident, and in fact was parked in the parking lane on the opposite side of the street when the accident occurred. Appalachian cross-appeals and contends that Hartford should be responsible for the full amount of the settlement as its policy provided primary coverage, according to the “other insurance” clauses in the respective policies.
We hold that under the facts of this case, the accident did not arise in any manner, from the “operation, maintenance or use” of the police car, as required by the Hartford policy. Therefore, we find that the trial court erred in concluding that the Hartford policy applies in this situation, and we reverse. Compare National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla.3d DCA 1971); Valdes v. Smalley, 303 So.2d 342 (Fla. 3d DCA 1974); O’Dwyer v. Manchester Insurance Company, 303 So.2d 347 (Fla. 3d DCA 1974); Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976); Brown v. Dilworth, 331 So.2d 379 (Fla. 3d DCA 1976); Feltner v. Hartford Accident and Indemnity Company, 336 So.2d 142 (Fla. 2d DCA 1976).
As a result of our holding in this case, the cross-appeal is without merit and need not be discussed in this opinion.
Reversed.