356 So.2d 1337 (1978)
Carlos PADRON, Appellant,
v.
LONG ISLAND INSURANCE COMPANY, Appellee.
No. 77-844.
District Court of Appeal of Florida, Third District.
April 4, 1978.
*1338 E.W. Frank, Miami, for appellant.
Michael P. Weisberg, Jeanne Heyward, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is an action by an insured motorist to recover personal injury protection benefits under the Florida Automobile Reparations Reform Act filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. Final summary judgment was entered for the insurance carrier on the basis of no coverage and the insured appeals.
The issue presented for review is whether an injury sustained by an insured while alighting from an insured motor vehicle is a "bodily injury ... arising out of the ownership, maintenance, or use of a motor vehicle" to which the insured is entitled to personal injury protection benefits under Section 627.736(1), Florida Statutes (Supp. 1976), of the Florida Automobile Reparations Reform Act. We hold that such an injury arises out of the use of such a motor vehicle for which the insured is entitled to personal injury protection benefits under Section 627.736(1), Florida Statutes (Supp. 1976), and reverse.
The facts of this case are undisputed. On December 15, 1974, the plaintiff Carlos Padron was driving his automobile which was insured by the defendant Long Island Insurance Co. in the vicinity of Flagler Street and 117 Avenue in Dade County, Florida. He pulled the car off the road on a grassy area intending to play some ball, parked the car and turned off the engine. As he opened the car door on the driver's side and put his left leg on the ground, his left food slid for some undetermined reason causing his right leg to hit the bottom part of the car door and break his leg. The plaintiff did not slide out of the car, but injured himself on the car door threshold as he was alighting therefrom.
The plaintiff filed suit against the defendant insurance carrier upon the latter's refusal upon demand to pay the plaintiff personal injury protection benefits under the Florida Automobile Reparations Reform Act. The defendant denied coverage and moved for summary judgment based upon the above facts as established by the plaintiff's deposition. The trial court granted the motion and entered a final summary judgment against the plaintiff. This appeal follows.
The law is well-settled that an insurance policy providing coverage for an insured for injuries sustained from an accident "arising out of the ownership, maintenance or use of a motor vehicle" is ordinarily understood to mean those accidental injuries which originate from, are incident to, or have some connection with the use of the insured motorist vehicle. This does not require a showing of proximate cause between the accident and the use of the car, but there must be a causal connection or relation between the two for liability to exist. Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976); St. Paul Fire & Marine Insurance Co v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973); National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971).
It has therefore been held that coverage exists under such an aforementioned policy where a watchdog bit the plaintiff when *1339 the two were left in the insured's car while temporarily parked by the insured's son en route to the insured's place of business, National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), or where a beer mug was thrown out of an insured automobile while travelling at a high rate of speed striking and killing the plaintiff's decedent, Valdes v. Smalley, 303 So.2d 342 (Fla. 3d DCA 1974). On the other hand, coverage has been denied under such a policy where a small child was accidentally injured while trick-or-treating on Halloween night when she struck a protruding bolt on a bracket attached to the insured motor vehicle parked in a yard, O'Dwyer v. Manchester Insurance Co., 303 So.2d 347 (Fla. 3d DCA 1974), or where the plaintiff's decedent was accidentally killed by a pistol when he was removing it from his father's insured automobile following an accident so that the automobile could be taken to the garage for repairs, Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976), or where the plaintiff was struck on the head with a lead pipe by an overprotective father while the plaintiff was in the process of opening the passenger door of the insured motor vehicle to let the father's daughter out of the car, Feltner v. Hartford Accident & Indemnity Co., 336 So.2d 142 (Fla. 2d DCA 1976), or where a pedestrian was struck by an oncoming motor vehicle whose driver was distracted by the flashing lights of the insured police vehicle which a police officer had parked while investigating an automobile accident, Hartford Accident & Indemnity Co. v. Wilson, 356 So.2d 24 (Fla. 3d DCA 1978) (case no. 77-44, opinion filed February 21, 1978).
In the instant case, the plaintiff insured was injured while attempting an egress from the motor vehicle which was insured by the defendant insurance carrier. The insured was injured on the car door threshold while alighting therefrom. In our view, both ingress and egress from an insured motor vehicle is an integral part of the use of such a motor vehicle and any injuries sustained as a result thereof must be considered as arising out of the use of such vehicle. Cagle v. Playland Amusement, Inc., 202 So.2d 396, 401 (La. Ct. App. 1967). Such an injury originates from, is incident to, and has some connection with the use of the insured motor vehicle as opposed to being unconnected therewith. Accordingly, the plaintiff under the above facts was entitled to personal injury protection benefits under the Florida Automobile Reparations Reform Act.
The summary final judgment entered herein is reversed and the cause remanded for further proceedings consistent with this opinion.