PETER GRAY, Plaintiff Below, Appellant,
v.
ALLSTATE INSURANCE, Defendant Below, Appellee.
No. 247, 2007.
Supreme Court of Delaware.
Submitted: November 28, 2007.
Decided: December 17, 2007.
Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the court en banc.

ORDER
MYRON T. STEELE, Chief Justice.
This 17th day of December 2007, it appears to the Court that:
(1) In October 2004, David Gissel drove a car, owned by Amy Seewoester and insured by appellee-defendant Allstate Insurance, that collided with a motorcycle, ridden by Jay Scott, Jr. A passenger in another car, plaintiff-appellant Peter Gray, saw the accident, got out of his car, and ran toward Scott. Gray attempted to divert traffic around Scott who lay stranded in the middle of the road. Another car, driven by Brandon Rossiter, struck Gray and severely injured him. The insurance carriers for Rossiter's car and Gray's own car paid Gray nofault personal injury protection (PIP) benefits.[1] Gray also sought PIP benefits from Allstate. Allstate refused to pay PIP benefits to Gray.
(2) Gray filed a complaint in July 2005 and sought no-fault PIP benefits from Allstate under 21 Del C. § 2118. Allstate moved for summary judgment. Allstate argued that it did not owe PIP benefits to Gray because the accident between Gissel and Scott did not cause Gray's injuries. A Superior Court judge granted Allstate's motion for summary judgment. The trial judge found that section 2118 did not require Allstate to pay Gray because the collision between Gissel and Scott caused no impact to Gray. We review de novo.[2]
(3) Gray argues that under section 2118(a)(2)(c) he is entitled to PIP coverage from Allstate because he was "injured in an accident involving [Seewoester's] motor vehicle." Alternatively, Gray contends that PIP coverage extends to him under section 2118(a)(2)(e) because his status as a "pedestrian" entitles him to PIP benefits if "injured by an accident with any motor vehicle."
(4) On appeal, Gray's counsel, in counsel's brief and during oral argument, argued that Gray is a "pedestrian" under the statute. Allstate does not contest Gray's status as a "pedestrian." Thus, we analyze this case under section 2118(a)(2)(e). That section requires that insurers pay PIP benefits "to pedestrians only if they are injured by an accident with any motor vehicle within the State . . .." Both parties concede that Gray was "injured by an accident with" Rossiter's car. Simply put, Rossiter's car struck and injured Gray in an accident. Gissel and Scott had an accident, but their vehicles did not actually strike the pedestrian, Gray.
(5) Gray contends, however, that the Gissel and Scott accident also caused his injuries. Gray points us to some authorities that allow PIP coverage where a vehicle injured but did not actually strike an individual. In those cases, the court found PIP applicable where the plaintiff established a causal connection between an injury and the vehicle's use.[3] In those cases, the plaintiff needed to establish a causal connection because the vehicle never struck the plaintiff.[4] No causal connection inquiry is necessary when a vehicle strikes a pedestrian because the connection is obvious. Section 2118 provides no-fault PIP coverage. Thus, where the cause of the injury is obvious, we do not look for other, more attenuated, potential causes of an injury. In Gray's case, because Rossiter's car actually and regrettably hit the good samaritan Gray, we need not inquire about the cause of Gray's injuries. The General Assembly intended pedestrians, like Gray, to recover under section 2118 from vehicles that strike them but not from non-contact vehicles operated by others. Therefore, the trial judge properly granted Allstate's motion.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The record does not indicate why Gray's insurer paid him PIP benefits.
[2] Wilmington Trust Co. v. Aetna Cas. & Sur. Co., 690 A.2d 914, 916 (Del. 1996).
[3] See Wisnewski v. State Farm Mut. Auto. Ins. Co., 2005 Del. Super. LEXIS 84, at *4 (permitting plaintiff to recover PIP benefits where automobile crashed through living room wall but did not strike the plaintiff); Gray v. Allstate Ins. Co., 668 A.2d 778 (Del. Super. 1995) (permitting plaintiff to recover when plaintiff suffered injuries when he fell off bicycle after swerving to avoid defendant even though the vehicle never collided with him).
[4] See Wisnewski, 2005 Del. Super. LEXIS 84, at *3.