**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, Defendant Below–Appellant,**

v.

**Melvin DAVIS, Plaintiff Below–Appellee.**

No. 10, 2013.

Supreme Court of Delaware.

Submitted: Aug. 28, 2013.

Decided: Nov. 1, 2013.

Thomas J. Frederick, Esquire (argued), of Winston & Strawn, LLP, Chicago, Illinois, and Colin M. Shalk, Esquire, of Casarino, Chistman, Shalk, Ransom & Doss, P.A., Wilmington, Delaware for appellant.

John S. Spadaro, Esquire, of John Sheehan Spadaro, LLC, Hockessin, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice:

This interlocutory appeal involves whether Delaware's personal injury pro-

tection (PIP) statute[1] requires insurers to reserve PIP benefits for lost wages when requested. The plaintiff suffered severe injuries as a passenger in a car accident. While he was in a coma, his mother signed for him an assignment of insurance benefits in favor of the hospital. Plaintiff has not challenged the validity of this assignment. The hospital's claim was promptly paid by the insurance company. When the plaintiff later requested the insurers to reserve his PIP benefits for his past and future lost wages, he was informed that the benefits had been exhausted by the payment to the healthcare provider.

On cross-motions for summary judgment, the Superior Court held *sua sponte* that the unchallenged assignment to the healthcare provider was invalid. The court also held that the policy underlying the PIP statute requires insurers to reserve PIP benefits for lost wages upon request. But the issue of the validity of the assignment of plaintiff's benefits was not briefed or argued below. Plaintiff's counsel conceded to the trial court, "[w]e haven't contested the validity of the assignment" which he described as "an assignment of medical expenses, not an assignment of lost wages."[2] The Superior Court erred as a matter of law in deciding this uncontested issue. Because the assignment on behalf of the plaintiff resulted in the exhaustion of his PIP benefits before the plaintiff requested the reservation of PIP benefits for his lost wages, the legal issue of whether the insurer was required to reserve PIP benefits for lost wages is moot. Accordingly, we REVERSE the judgment of the Superior Court.

### Facts and Procedural History

This matter arises from a single-vehicle accident in 2009. Melvin Davis was the passenger in a car being driven by James Sheppard who lost control of the vehicle. Davis was seriously injured and spent six weeks in Christiana Hospital. The owner of the car was Donna Wilson. Wilson had an insurance policy on the car with State Farm Mutual Automobile Insurance Company ("State Farm"), which provided $15,000 in PIP benefits. Following the accident, and while Davis was in a coma, his mother executed a revocable assignment of insurance benefits in favor of Christiana Care, which authorized the health care facility to seek payment directly from State Farm. The assignment provided:

> I assign and request payment of benefits to Christiana Care Health Services and to physicians providing hospital-based services ... for which I am entitled under the terms of any and all policies under which I have coverage. This assignment applies to all services related to my current [hospital] admission or, for outpatient services, until revoked.[3]

The cost of the medical treatment Davis received in the hospital exceeded $135,000. Davis currently suffers from neurological problems as a result of the injuries sustained in the accident.

On December 29, 2009, after issuing a reservation of rights letter to Davis, State Farm notified Davis that liability coverage was denied, but it agreed to pay PIP benefits. On January 5, 2010, a paralegal for Davis' counsel called State Farm to check on the status of Davis' insurance coverage. State Farm told the paralegal that the insurance coverage had been denied in all respects. But on January 6th, State Farm

---

1. PIP insurance is part of Delaware's "no-fault" insurance scheme. *Gray v. Allstate Ins. Co.*, 668 A.2d 778, 779 (Del.Super.Ct.1995).

2. Appellant's Op. Br. Appendix at A678.

3. Appellee Ans. Br. Appendix at B46.

paid the PIP policy-maximum amount, $15,000, to Christiana Care and the Delaware Neurological Group. On that same day, Davis' counsel wrote to State Farm requesting a PIP application. On January 8th, State Farm mailed Davis' counsel a letter stating that his PIP benefits had been exhausted through the payments to his health care providers. State Farm did not receive Davis' January 6th letter requesting a PIP application until January 11th. On February 1st, Davis' counsel called State Farm and asked it to reserve Davis' PIP benefits for his lost earnings. Counsel was informed that pursuant to State Farm's first-in, first-out policy, the PIP benefits had been fully exhausted.[4] On February 5th, State Farm received a facsimile again requesting a PIP application and reservation of lost earnings benefits. This request was denied by State Farm.

In September 2010, Davis filed a complaint asserting four claims against State Farm seeking lost earnings, general damages for emotional distress, punitive damages, and attorneys' fees.[5] In May 2011, Davis filed an amended complaint, pleading the case as a class action and seeking a declaratory judgment on State Farm's obligation under 21 *Del. C.* § 2118 to reserve lost earnings benefits. Davis also alleged claims of breach of contract, bad faith, and violations of 21 *Del. C.* § 2118B, which addresses penalty interest on claims that go unpaid for more than 30 days. Pursuant to a stipulation and order entered by the Superior Court, the parties filed cross-motions for summary judgment on these issues.

In September 2012, the Superior Court granted Davis' motion for partial summary judgment and State Farm's motion for summary judgment on Davis' negligent infliction of emotional distress claim. The trial court found *sua sponte* that the assignment of benefits given by Davis' mother was invalid and that State Farm improperly paid the $15,000 in PIP benefits to Christiana Care and the Delaware Neurological Group. Even though the validity of the assignment was not challenged and the limit of the PIP benefit was exhausted by the payment to the medical providers, the trial court stated:

> There are now $15,000 in PIP benefits available for Davis and his health care providers. The question now is whether State Farm is obligated [under § 2118] to reserve Davis's PIP benefits for his lost earnings at the expense of his health care providers and in a manner that will cause State Farm some additional administrative expense.[6]

The trial court ultimately held "that the legislature would want the PIP statute to be applied in such a manner that allows the injured person to reserve his or her PIP benefits that have otherwise not been properly paid for his or her lost earnings. This is certainly to Davis's benefit."[7] This interlocutory appeal followed.

---

4. Under the first-in, first-out policy, State Farm pays claims in the order it receives them.

5. These claims were: (1) that State Farm breached the insurance contract by paying the $15,000 of PIP benefits under the policy to medical providers rather than reserving that money for lost earnings; and, that in so doing, State Farm (2) breached its covenant of good faith and fair dealing and caused (3)

intentional infliction of emotional distress and (4) negligent infliction of emotional distress to Davis.

6. *Davis v. State Farm Mut. Auto. Ins. Co.*, C.A. No. S10C–09–005, slip op. at 8–9 (Del.Super.Ct. May 25, 2012).

7. *Id.* at 9–10.

### Discussion

 This Court reviews a Superior Court's grant of summary judgment *de novo*.[8] This review extends to both "the facts and the law in order to determine whether or not the undisputed facts entitled the movant to judgment as a matter of law."[9] We "must view the evidence, and all reasonable inferences taken therefrom, in the light most favorable to the non-moving party and determine whether an issue of material fact exists such that summary judgment was improper."[10] When interpreting a statute, Delaware courts must "ascertain and give effect to the intent of the legislature."[11]

21 *Del. C.* § 2118 requires the minimum insurance coverage for motor vehicles registered in Delaware.[12] State Farm urges this Court to overturn the trial court's interpretation of 21 *Del. C.* § 2118 and hold that the statute does not require an insurer to reserve PIP benefits for lost wages. We do not reach the issue because it is moot under the facts of this case.

 "Mootness arises when controversy between the parties no longer exists such that a court can no longer grant relief in the matter."[13] The function of this Court—as well as the Superior Court—is to decide actual, live controversies.[14] Thus, we do not answer questions that have become moot. "Under the mootness doctrine, 'although there may have been a justiciable controversy at the time the litigation was commenced, the action will be dismissed if that controversy ceases to exist.'"[15] There are two exceptions to the

---

8. *Acro Extrusion Corp. v. Cunningham,* 810 A.2d 345, 347 (Del.2002) (citing *Blue Hen Lines, Inc. v. Turbitt,* 787 A.2d 74, 77 (Del. 2001)).

9. *United Vanguard Fund, Inc. v. TakeCare, Inc.,* 693 A.2d 1076, 1079 (Del.1997) (citing *Arnold v. Society for Savings Bancorp, Inc.,* 678 A.2d 533, 535 (Del.1996)).

10. *Acro Extrusion Corp.,* 810 A.2d at 347.

11. *In re Adoption of Swanson,* 623 A.2d 1095, 1096 (Del.1993).

12. In relevant part, § 2118 provides:
 (2) a. Compensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident for:
 1. Medical, hospital, dental, surgical, medicine, x-ray, ambulance, prosthetic services, professional nursing and funeral services....
 2. Net amount of lost earnings. Lost earnings shall include net lost earnings of a self-employed person.
 3. Where a qualified medical practitioner shall, within 2 years from the date of an accident, verify in writing that surgical or dental procedures will be necessary and are then medically ascertainable but impractical or impossible to perform during that 2–year period, the cost of such dental or surgical procedures, including expenses for related medical treatment, and the net amount of lost earnings lost in connection with such dental or surgical procedures shall be payable....
 ....
 b. The minimum insurance coverage which will satisfy the requirements of subparagraph a. of this paragraph is a minimum limit for the total of all payments which must be made pursuant to that subparagraph of $15,000 for any 1 person and $30,000 for all persons injured in any 1 accident.
 21 *Del. C.* § 2118(a)(2)(a)-(b).

13. *Mentor Graphics Corp. v. Shapiro,* 818 A.2d 959, 963 (Del.2003); *see also Gen. Motors,* 701 A.2d at 823 (explaining that "[a] proceeding may become moot ... if the legal issue in dispute is no longer amenable to a judicial resolution").

14. Del. Const. art. IV, § 11; *Gen. Motors Corp. v. New Castle Cnty.,* 701 A.2d 819, 823 (Del.1997).

15. *Am. Littoral Soc., Inc. v. Bernie's Conchs, LLC,* 954 A.2d 909, 2008 WL 2520634, at *2 (Del. June 24, 2008) (quoting *Gen. Motors,* 701 A.2d at 823).

mootness doctrine: "situations that are capable of repetition but evade review or matters of public importance." [16]

In this case, the validity of Davis' assignment to Christiana Care was unchallenged below.[17] The available PIP benefits were limited to $15,000. When Davis' counsel attempted to reserve his benefits for lost earnings, the PIP coverage had been exhausted three weeks earlier. Having paid the full $15,000 on behalf of Davis, State Farm fully performed and discharged its duty under the policy.[18] As State Farm argued below, there was no outstanding obligation remaining to Davis. Thus, Davis could not reserve any PIP even under the trial court's interpretation of § 2118. Therefore, Davis' claim that State Farm improperly failed to reserve PIP benefits is moot because there were no benefits left to reserve when his counsel made the request. Moreover, we are not persuaded that Davis' claims fall within either exception to the mootness doctrine. We reverse the grant of summary judgment below and remand for further proceedings consistent with this opinion.

Even though we do not reach the issue of statutory construction in this case, we note that several states—unlike Delaware's General Assembly—have expressly addressed the allocation of PIP benefits and claimant reservations. For example,

Florida requires insurers to reserve $5,000 of PIP benefits for medical care for the first 30 days after an accident.[19] After that 30–day period, the insurer may use whatever balance remaining to pay any other claims.[20] Further, Florida courts have also held that when an insured has two applicable policies, PIP coverage for wages and medical costs and medical coverage for medical costs, an insured has the right to have benefits allocated to pay the medical expenses out of the medical pay coverage so that PIP coverage would not be exhausted.[21]

Kentucky law allows an insured to direct payments of benefits among differing losses if the direction is provided in writing to the insurer.[22] This reservation can be made on a prospective basis.[23] But the recovery of benefits by insureds is still limited to losses actually accrued.[24] Further, Kentucky law limits coverage for loss of wages to $200 per week.[25]

We do not advocate for any particular statutory scheme over another but point out these illustrations in the event the General Assembly should choose to clarify its policy preferences.

### Conclusion

The judgment of the Superior Court is REVERSED, and this matter is RE-

16. *Gen. Motors,* 701 A.2d at 823 n. 5.

17. In his Motion for Summary Judgment, Davis did argue that State Farm was not permitted to pay out claims based on a health care assignment. Davis did not, however, argue that the assignment was invalid.

18. *See* Restatement (Second) of Contracts § 235 (1981) ("Full performance of a duty under a contract discharges the duty.").

19. Fla. Stat. Ann. § 627.736(4)(c).

20. *Id.*

21. *Holloway v. State Farm Mut. Auto. Ins. Co.,* 370 So.2d 452, 454 (Fla.Dist.Ct.App.1979).

22. Ky.Rev.Stat. § 304.39–241.

23. *Id.*

24. *See Wemyss v. Coleman,* 729 S.W.2d 174, 182 (Ky.1987) (explaining that Kentucky's motor vehicle insurance statute "limits recovery for basic reparations benefits to accrued losses").

25. *Id.* at 181 (citing Ky.Rev.Stat. § 304.39–020).

MANDED for further proceedings consistent with this opinion.