# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LESLEY R. JOHNSON,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )        C.A. No. N15C-03-147 ALR
                                  )
ALIZE M. RAY, THE TERMINIX        )
INTERNATIONAL COMPANY             )
LIMITED PARTNERSHIP and           )
GEICO CASUALTY COMPANY,           )
                                  )
        Defendants.               )
--------------------------------------------------
ALIZE RAY,                        )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
THE TERMINIX INTERNATIONAL        )
COMPANY LIMITED                   )
PARTNERSHIP and GEICO             )
CASUALTY COMPANY,                 )
                                  )
        Defendants.               )

Submitted: April 21, 2017
Decided: May 23, 2017

## ORDER

***Upon Defendant The Terminix International Co. Limited Partnership's Motion
for Summary Judgment***
**DENIED WITHOUT PREJUDICE**

This is a personal injury case arising from a motor vehicle accident. Upon

consideration of the motion for summary judgment filed by Defendant The

Terminix International Co. Limited Partnership ("Terminix"); the opposition thereto filed by Defendant GEICO Casualty Co. ("GEICO"); the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.     Plaintiffs Lesley R. Johnson and Alize Ray (collectively "Plaintiffs") initiated this consolidated negligence action against Terminix and GEICO.[1] Plaintiffs seek to recover damages for injuries arising from a hit-and-run motor vehicle accident that occurred on April 4, 2014.

2.     At the time of the collision, Plaintiffs allege that Plaintiffs were parked in Ms. Johnson's car on the south side of Sixth Street in Wilmington, Delaware. Plaintiffs allege that Ms. Johnson was in the driver seat of the car while Ms. Ray was in the rear driver side passenger seat. Plaintiffs allege that an unknown Terminix employee negligently struck Ms. Johnson's car with a Terminix truck while in the scope of his employment for Terminix. Plaintiffs contend that the Terminix employee's negligence caused Plaintiffs to suffer physical and emotional injury.

3.     On April 7, 2017, Terminix filed the motion for summary judgment that is currently before the Court. Terminix asserts that, viewing the facts in a light

---

[1] Plaintiffs initially filed separate lawsuits arising from the same incident. The cases were consolidated by stipulation dated October 20, 2015.

most favorable to GEICO and Plaintiffs, there is insufficient evidence to establish that the vehicle that struck Ms. Johnson's car was operated by a Terminix employee. Accordingly, Terminix contends that there are no genuine issues of material fact and that judgment as a matter of law is appropriate.

4. On April 21, 2017, GEICO filed a response in opposition to Terminix's motion for summary judgment. GEICO contends that there are genuine issues of material fact regarding whether the collision was caused by a Terminix employee in the scope his employment for Terminix.[2]

5. The Court may grant summary judgment only where the moving party shows that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that material issues of fact exist.[4] At the summary judgment phase, the Court must view the facts in a light most favorable to the non-moving party.[5]

6. The record supports GEICO's position that there are genuine issues of material fact regarding whether Ms. Johnson's car was struck by a Terminix truck operated by a Terminix employee. Specifically, a police report generated on the

---

[2] Plaintiffs both adopt the position advanced in GEICO's response to Terminix's motion for summary judgment.
[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

day of the accident indicates that "a white truck, traveling east on 6th St. struck the door [of Ms. Johnson's car] and continued. The truck was observed to have a Terminex (sic) logo."[6] In Ms. Johnson's recorded statement to GEICO dated April 14, 2014, Ms. Johnson indicates that a witness to the collision identified the vehicle that struck Ms. Johnson's car as a Terminix truck.[7] In Ms. Ray's response to Ms. Johnson's interrogatories, Ms. Ray indicates that "[t]his was an unavoidable accident as the Terminex (sic) vehicle did not exercise due care and not only struck the vehicle door as it was opened, but also fled the scene."[8] Finally, Ms. Johnson has consistently testified that an eyewitness to the accident indicated that a Terminix vehicle struck Ms. Johnson's car.[9]

7.     It is not this Court's role to weigh evidence or resolve factual conflicts arising from pretrial submissions.[10] Rather, "if a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way . . ., summary judgment is inappropriate."[11] Upon viewing the evidence and drawing

---

[6] GEICO's Resp. Opp'n Summ. J., Ex. E at 4.

[7] *Id.* at Ex. F, 3.

[8] *Id.* at Ex. I, 14.

[9] *See id.* at Ex. G, 17–18; *id.* at Ex. H, 27:1–2, 35:1–3.

[10] *Cerberus Int'l, Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1149 (Del. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

[11] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (omission in original) (quoting *Cerberus Int'l, Ltd.*, 794 A.2d at 1150). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary judgment is rare in negligence actions "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the

all reasonable inferences in a light most favorable to the non-moving parties,[12] this Court finds that a rational trier of fact could find that a Terminix employee negligently struck Ms. Johnson's car while in the scope of his employment for Terminix. Accordingly, there are genuine issues of material fact and summary judgment is inappropriate on this record.

**NOW, THEREFORE, this 23rd day of May, 2017, the motion for summary judgment filed by Defendant The Terminix International Co. Limited Partnership is hereby DENIED without prejudice.**

**IT IS SO ORDERED**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966))); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) (emphasis and alteration in original) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.") (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001))).

[12] *See State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (quoting *Acro Extrusion Corp. v. Cunningham*, 810 A.2d 345, 347 (Del. 2002)).