IN THE SUPREME COURT OF THE STATE OF DELAWARE

DELAWARE ASSOCIATION          §
OF ALTERNATIVE ENERGY         §
PROVIDERS, INC.,              §
                             §
                             §    No. 179, 2021
     Plaintiff Below,         §
     Appellant,               §    Court Below: Superior Court
                             §    of the State of Delaware
     v.                       §
                             §    C.A. No. K20A-09-003
CHESAPEAKE UTILITIES          §
CORPORATION, A DELAWARE       §
CORPORATION AND               §
REGULATED PUBLIC UTILITY,     §
DIVISION OF THE PUBLIC        §
ADVOCATE, THE DELAWARE        §
PUBLIC SERVICE COMMISSION     §
STAFF, AND PUBLIC SERVICE     §
COMMISSION OF THE STATE       §
OF DELAWARE,                  §
                             §
     Defendants Below,        §
     Appellees.               §

Submitted: February 2, 2022
Decided:   March 10, 2022

Before **SEITZ**, Chief Justice; **VALIHURA, VAUGHN**, **TRAYNOR**, and
**MONTGOMERY-REEVES**, Justices, constituting this Court *en Banc*.

## **ORDER**

This 10th day of March, 2022, having considered the briefs and the record

below, it appears to the Court that:

(1)     The Delaware Association of Alternative Energy Providers, Inc. ("DAAEP") has asked us to reverse the Superior Court's dismissal of DAAEP's appeal of the Delaware Public Service Commission's ("PSC") order No. 9635 in Docket No. 20-0357.  DAAEP filed a complaint in the PSC—assigned Docket No. 20-0357—that challenged a settlement agreement (the "Settlement Agreement") reached in another matter—Docket No. 19-0529—among Chesapeake Utilities Corporation ("Chesapeake"), the Division of the Public Advocate ("DPA"), PSC Staff ("Staff"), and another intervening party.[1]  The PSC's Order No. 9635 in Docket No. 20-0357 dismissed the complaint for lack of standing.[2]  The Superior Court affirmed the PSC's dismissal.[3]  We affirm the Superior Court's judgment.

(2)     Chesapeake is a natural gas utility company regulated by the PSC.  It owns Sharp Energy, Inc. ("Sharp"), an unregulated energy company that operates several propane community gas systems, or "CGSs," that supply propane to residential communities.  DAAEP is an association of unregulated propane service providers who provide propane to residential and commercial customers throughout Delaware.

---

[1] Unless otherwise specified, the facts are taken from DAAEP's complaint filed with the PSC. App. to Opening Br. at A000347–419.
[2] *Id*. at A001239–41.
[3] *Del. Assoc'n of Alt. Energy Providers, Inc. v. Chesapeake Utils. Corp.*, 2021 WL 1852301, at *1–5 (Del. Super. May 7, 2021).

(3)     In 2015, Chesapeake filed a PSC application to increase its natural gas rates, change its natural gas tariff, and expand its natural gas offerings.[4]  DAAEP filed a petition seeking to intervene in the proceedings.[5]  The PSC granted the petition to intervene.  Chesapeake later appealed the intervention order to the Superior Court.[6]  The Superior Court reversed the PSC's intervention order and held that the PSC "erred when it allowed an unregulated competitor to intervene to protect its own interests."[7]  DAAEP did not appeal the Superior Court's decision.

(4)     On August 20, 2019, Chesapeake filed a PSC application "seeking an order to establish regulatory accounting treatment and a valuation methodology for its acquisition of [Sharp's CGSs] and the conversion of the CGSs to natural gas service."[8]  Chesapeake wanted to "acquire Sharp-owned CGSs one at a time (at the time of conversion) and pay the 'replacement cost' for each CGS."[9]  The matter was assigned to Docket No. 19-0529 and referred to a hearing examiner.

(5)     DAAEP was aware of Docket No. 19-0529 as early as October 2019, when DPA's counsel sent the procedural schedule to DAAEP's counsel.[10]  In May 2020, the parties in Docket 19-0529 proposed the Settlement Agreement to the

---

[4] *Chesapeake Utils. Corp. v. Pub. Serv. Comm'n*, 2017 WL 2480804, at *1 (Del. Super. June 7, 2017) (hereinafter "*Chesapeake I*").
[5] *Id.*
[6] *Id.* at *1–2.
[7] *Id.* at *3.
[8] App. to Opening Br. at A000253.
[9] *Id.* at A000254.
[10] *Id.* at A000427; A000454.

Hearing Examiner. DPA's counsel provided a copy of the Settlement Agreement to DAAEP's counsel. The Hearing Examiner scheduled a June 17, 2020 evidentiary hearing.

(6) On June 9, 2020, DAAEP attempted to file a complaint in Docket 19-0529 to challenge the Settlement Agreement, naming as defendants Chesapeake, Staff, the DPA, and the PSC (collectively, the "Appellees").[11] But due to complications with the PSC's electronic filing system, DAAEP was unable to upload its complaint.[12] The PSC's executive director worked to resolve the filing issue. Once it was resolved the next day, the PSC informed DAAEP that the complaint would be assigned a new docket, Docket No. 20-0357, to give the parties the required 20 days to respond.[13]

(7) On June 17, 2020, the PSC voted to approve the Settlement Agreement in Docket No. 19-0529 and issued Order No. 9594 approving the Settlement Agreement.[14] In Docket No. 20-0357, Staff and the DPA filed a joint motion to dismiss DAAEP's complaint.[15] Chesapeake filed its own answer and motion to dismiss.[16]

---

[11] *Id.* at A000338–42.
[12] *Id.*
[13] *Id.* at A000420–21.
[14] *Id.* at A001243–44.
[15] *Id.* at A000422–59.
[16] *Id.* at A000460–99.

(8) The PSC dismissed DAAEP's complaint by Order No. 9635.[17] It found that (a) the complaint was moot because the Settlement Agreement was already approved; (b) DAAEP lacked standing under *Chesapeake I*; (c) the Settlement Agreement did not violate prior settlement agreements, and (d) even if it did, DAAEP had not shown that it would suffer damages as a result of any breach of a prior settlement agreement.[18] The PSC also ruled that DAAEP's complaint was untimely because DAAEP had knowledge of Docket No. 19-0529 well in advance of the evidentiary hearing addressing the Settlement Agreement.[19]

(9) DAAEP appealed the PSC's Order No. 9635 to the Superior Court and argued for reversal on twenty-three separate grounds.[20] The Appellees moved to dismiss the appeal for lack of standing and mootness.[21] The Superior Court granted the motion to dismiss.[22] The court held that DAAEP lacked standing because it could not show an injury-in-fact, and additionally, the PSC lacked the authority to allow unregulated utility competitors like DAAEP to intervene in proceedings involving regulated utilities.[23] The court dismissed DAAEP's remaining claims as "moot because DAAEP was not a party to Docket No. 19-0529 and did not petition

---

[17] *Id.* at A001239–42.
[18] *Id.* at A001241.
[19] *Id.*
[20] *Del. Assoc'n of Alt. Energy Providers, Inc.*, 2021 WL 1852301, at *1–2.
[21] *Id.* at *1.
[22] *Id.* at *3–5.
[23] *Id.* at *3–4.

to be an intervenor to Docket No. 19-0529."[24] Finally, the court addressed DAAEP's argument that *Chesapeake I* did not apply, and held that because DAAEP sought to intervene in *Chesapeake I* but did not appeal the ruling denying intervention, it could not challenge the holding in a separate appeal.[25]

(10) DAAEP now appeals the Superior Court's decision. To sort through the confusing docket and order numbers, the following chart sets out the procedural history of the two dockets discussed above as of the time of this appeal:

| Docket and Issue Involved | Docket No. 19-0529 – Acquisition of Sharp CGSs; approval of Settlement Agreement. | Docket No. 20-0357 – DAAEP's complaint challenging the Settlement Agreement. |
|---|---|---|
| PSC Decision | Order No. 9594 approving Settlement Agreement. | Order No. 9635 dismissing complaint. |
| Superior Court Decision on Appeal | No appeal. | Affirmed PSC Order No. 9635. |
| Current Status | Final order. | Appealed to Supreme Court (this appeal). |

(11) "This Court reviews a Superior Court ruling that, in turn, has reviewed a ruling of an administrative agency, by examining directly the decision of the agency."[26] When we review the PSC decision, the "factual determination of the

---

[24] *Id.* at *3.
[25] *Id.* at *5.
[26] *United Parcel Serv. v. Ryan Tibbits*, 2014 WL 2711302, at *2 (Del. June 12, 2014) (TABLE) (citing *Pub. Water Supply Co. v. DiPasquale*, 735 A.2d 378, 380 (Del. 1999)).

6

administrative body will be sustained if supported by substantial evidence, and its application of statutory standards upheld if free of error of law."[27]

(12)  On appeal, DAAEP challenges its dismissal for lack of standing and mootness.  While DAAEP raises other issues, the standing and mootness issues are dispositive, and we focus our attention there.  DAAEP argues it has standing because it filed a complaint challenging Order No. 9594, making it a party to Docket No. 19-0529.  It also argues that even if it was not a party to Docket No. 19-0529, it can challenge the Settlement Agreement in a separate proceeding because the PSC has subject matter jurisdiction to investigate "any matter concerning any public utility."[28]  Because the complaint raises claims against Chesapeake, a public utility, DAAEP argues that the PSC has jurisdiction to consider its complaint.  DAAEP then asserts that it was harmed by Order No. 9594 because the Settlement Agreement allows Chesapeake to acquire and convert CGSs owned by competitors, which include members of DAAEP.  Finally, DAAEP claims that Order No. 9594 violates prior settlement agreements where DAAEP is a party.

(13)  Appellees respond that the Superior Court held correctly that DAAEP lacked standing to challenge Order No. 9594 because DAAEP was not a party to

---

[27] *Future Ford Sales, Inc. v. Pub. Serv. Comm'n*, 654 A.2d 837, 842 (Del. 1995) (citing *Delmarva Power & Light v. Pub. Serv. Comm'n.*, 508 A.2d 849, 852 (Del. 1986)); *see also* 29 *Del. C.* § 10142(d) ("The Court's review . . . shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency.").
[28] Opening Br. at 22 (quoting 26 *Del. C.* § 206).

Docket No. 19-0529. Appellees also argue that DAAEP's claim that the PSC can hear complaints on any matter involving public utilities is unconvincing because *Chesapeake I* is clear that the PSC does not have jurisdiction to consider the competitive interests of an unregulated competitor of Chesapeake. Finally, Appellees argue that DAAEP's claim of organizational standing based on the harm Order No. 9594 will cause DAAEP's members fails because DAAEP does not identify any specific harm, and the prior settlement agreements are not violated because the agreements expressly allowed the parties to assert contrary positions in future cases.

(14) All of DAAEP's standing arguments fail. DAAEP's complaint challenges the Settlement Agreement approved by Order No. 9594.[29] As explained next, the only means to challenge the Settlement Agreement was to petition to intervene and attempt to become a party in Docket No. 19-0529—the proceeding in which the PSC reviewed the Settlement Agreement.

(15) Title 26 Section 503 governs hearings before the PSC. It states that "parties shall be entitled to be heard in person or by attorney, and to introduce evidence[,]" meaning only *parties* to a proceeding before the PSC are entitled to be heard or introduce evidence.[30] And the Administrative Procedures Act ("APA"),

---

[29] *See generally* App. to Opening Br. at A347–420; *Del. Assoc'n of Alt. Energy Providers, Inc.*, 2021 WL 1852301, at *1.
[30] 26 *Del. C.* § 503.

which governs the PSC,[31] makes clear that a "party" is defined as "each person or agency named or admitted in an agency proceeding as a party, or properly seeking and entitled as of right to be admitted as a party to an agency proceeding."[32] Intervening in a docket makes a person or entity a "party" to the agency proceedings, and therefore gives that person or entity the opportunity to be heard and present evidence.

(16)  To avoid the obvious obstacles it faced to intervention, including the decision in *Chesapeake I*,[33] DAAEP attempted to file a complaint in an ongoing proceeding challenging the earlier Settlement Agreement.  It waited until the eleventh hour—one week before the evidentiary hearing to consider the Settlement Agreement and over a year after the docket was opened—to file the complaint.

(17)  DAAEP asserts that by filing its complaint, it was "properly a party to Docket 19-0529."[34]  But DAAEP offers no support for its assertion that filing a complaint, instead of intervention, creates "party" status under the APA.  In fact, there is nothing in the PSC regulations that permits filing a complaint in a pending action.[35]  Instead, the regulations state that "[a]ny person, other than an original party

---

[31] 29 *Del. C.* § 10161(a)(3).
[32] 29 *Del. C.* § 10102(6).
[33] The Superior Court in *Chesapeake I* reversed the PSC decision allowing DAAEP to intervene in that matter.  2017 WL 2480804, at *3–6.  The court held that an unregulated competitor had no standing to intervene.  *Id.*  As noted earlier, DAAEP did not appeal the Superior Court's decision.
[34] Reply Br. at 12.
[35] *See generally* 26 Del. Admin. C. § 1001.

to a proceeding or a party entitled to participate as a matter of right, must file a petition to intervene."[36] Thus, filing a complaint instead of moving to intervene does not confer party status in Docket No. 19-0529.

(18) DAAEP also contends that even if it was not a party to Docket No. 19-0529, it could still challenge the Settlement Agreement in a separate proceeding. DAAEP relies on the statement in Section 206 that the PSC may investigate complaints regarding "any matter concerning any public utility."[37] But even if this was correct, DAAEP's complaint became moot when the PSC approved the Settlement Agreement by issuing Order No. 9594. "Mootness arises when controversy between the parties no longer exists such that a court can no longer grant relief in the matter."[38] Under the mootness doctrine, "although there may have been a justiciable controversy at the time the litigation was commenced, the action will be dismissed if that controversy ceases to exist."[39] DAAEP's complaint was filed on June 10, 2020.[40] The Settlement Agreement was approved on June 17, 2020, in a "final case decision in Docket No. 19-0529," rendering the complaint moot.[41]

---

[36] 26 Del. Admin. C. § 1001-2.9.1.

[37] 26 *Del. C.* § 206.

[38] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (quoting *Mentor Graphics Corp. v. Shapiro*, 818 A.2d 959, 963 (Del. 2003)).

[39] *Id.* (quoting *Am. Littoral Soc., Inc. v. Bernie's Conchs, LLC*, 2008 WL 2520634, at *2 (Del. June 24, 2008) (TABLE)).

[40] App. to Opening Br. at A000420–21.

[41] *Id.* at A001241.

(19) Because we find that the PSC properly dismissed DAAEP's complaint for lack of standing and mootness, we need not address DAAEP's remaining claims on appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

11